## THE DUBUQUE AND SIOUX CITY RAILROAD COMPANY v. THE CITY OF DUBUQUE *et al.*

1. **Railroads:** TAXATION: REAL ESTATE. The Judges of the Supreme Court being equally divided in opinion upon the question as to the power of a municipal corporation to tax the real estate of a railroad company situated within the limits of such corporation, the judgment of the court below, by operation of law, stands affirmed.

2. —— ROLLING STOCK. The city of Dubuque has no power to levy taxes for municipal purposes, upon the rolling stock of a railroad company which has its principal place of business in said city.

3. —— METHOD OF TAXATION. The city of Dubuque had no power, under the corporate charter in force in 1857, to levy taxes upon the property of railroad companies, otherwise than through the shares of the stockholders.

*Appeal from Dubuque District Court.*

WEDNESDAY, OCTOBER 12.

THE petition alleges that the defendant, The City of Dubuque, levied taxes, directly against the plaintiff, upon the track, depot grounds, and equipments, rolling stock, machinery, and tools necessary for the road, and right of way, &c., for the years 1857, 1858, 1859, 1860 and 1862, amounting, with interest claimed, to about six thousand and four hundred dollars; that on the 23d day of September, 1859, the plaintiff paid the taxes as assessed for 1857 and 1858, exclusive of interest, it being twenty-five hundred and fifteen dollars, and for which they have, and exhibit, defendant's receipt; that the taxes for 1861 were also paid. The petition further claims, that the city had no power to levy a tax directly against the company, for the years 1857, 1858, 1859 and 1860, but that the property of the company should be taxed through the shares of the stockholders, and was, in fact, so taxed, in part; and that, for 1862, the city had no right to levy any taxes whatever, for that the company was responsible to the State alone for all taxes, except those due to the United States. The petition also states that the defendant, Graves, at a pretended sale of plaintiff's property aforesaid, for taxes claimed as above by the city, had purchased the same, and taken a certificate thereof. The plaintiff asked hat what had already been paid, should be considered in ull satisfaction of all taxes that ought to have been collected only through the stockholders; that the city be

enjoined from making any title to defendant, Graves, on the pretended sales, and perpetually enjoined from collecting the said taxes, or any part thereof.

The defendants severally demurred to the petition, because, first, it did not state facts sufficient to constitute a cause of action ; and, second, it did not show why the city of Dubuque had not authority to levy the taxes therein mentioned. The demurrers were overruled, and the defendants excepted, and elected to stand by their demurrers ; and thereupon the court rendered a judgment in accordance with the prayer of the petition, from which the defendants appeal.

It is admitted by the counsel for the respective parties, that for the year 1857, the only power of the city to levy taxes, was derived from section 6, of the act approved January 22d, 1853, found in Laws of 1853, page 91 : "That, to defray the current expenses of said city, the city council may levy, in any year, in the manner now provided by law, a tax not to exceed one-half of one per cent upon the assessed value of all property taxed." And, for the years 1858, 1859, 1860, and 1862, the only power was derived from subdivision 23 and 24 of section 7 of the act, approved January 28, 1857, found in Laws of 1857, page 349 : "23d. To collect taxes to defray the current expenditures, and pay the debts of the city, provided that the tax for any one year shall not exceed one per cent upon the assessed value of all property taxed. 24th. To provide for the assessment of all taxable property in said city, with reference to taxation for city purposes."

*Allison & Crane* and *J. H. Shields* for appellants.

*James M. McKinlay* for the appellee.

1. RAIL-ROADS : taxation, etc. COLE, J.—I. So far as the question involved in this case relates to the taxes assessed for the year

1862, the views of the different members of this court may be found stated at some length in the case of *The City of Davenport* v. *The Mississippi and Missouri Railroad Company*, 16 Iowa, 348. The court being equally divided in opinion upon the question as to the power of the city to levy taxes upon the real property of the plaintiff, used for railroad purposes, situated within the city limits, the judgment of the District Court upon that branch of the case will stand affirmed. See § 5 of Laws of Tenth General Assembly. (1864), page 21.

II. As to the right of the city to levy taxes upon the rolling stock of the plaintiff, this court is a unit, in its agreement with the court below, for the reasons stated in the case of *The City of Davenport* v. *Mississippi and Missouri Railroad Company*, *supra*, and the judgment of the District Court thereon is therefore affirmed.

2. — Rolling stock.

III. As to the taxes levied for the years 1857, 1858, 1859 and 1860, and which were levied during the time the Code of 1851, § 462, and the Law of 1858, § 7 (see Laws of 1858, page 308) were in force, directing and providing that the property of corporations constructing railways, &c., shall be taxed through the shares of the stockholders, the right to levy for the different years, rests on different provisions of the city charters.

3. — Method of taxation.

The city charter in force when the taxes for 1857 were levied, gave the city council the power to "levy, in any year, *in the manner now provided by law*, a tax not to exceed one-half of one per cent," &c. The manner provided by law for the levy of a tax upon railroad property when that city charter was passed, and when the tax was levied, was through the shares of the stockholders. By virtue of what authority, under this provision, the city can levy a tax in a manner not provided by law, but contrary to it, is difficult to conceive. It is clear that it cannot be done. The clause of the amended city charter, under which the

taxes for the years 1858, 1859 and 1860 were levied, authorized the city council " to collect taxes to defray the current expenditures, and pay the debts of the city, *provided*, that the taxes for any one year shall not exceed one per cent," &c. Under this power given by the city charter, the same question in substance is presented, as that discussed in the case of *The City of Davenport* v.. *The Mississippi and Missouri Railroad Company*, *supra*, and the same disposition of it is made in this case as in that.

The judgment of the District Court is

Affirmed.