Whitaker v. Johnson County.

## WHITAKER v. JOHNSON COUNTY.

1. RES ADJUDICATA: GENERAL RULE. The judgment of a court of concurrent jurisdiction directly upon the point in controversy, is, as a plea a bar, as evidence conclusive, between the same parties, upon the same matter when directly in question in another court; and the judgment of a court of exclusive jurisdiction, directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question, in another court for a different purpose.

2. SAME: APPLICATION OF THE RULE. The judgment of a court of competent jurisdiction upon the validity of coupons attached to a bond, is conclusive in another action between the same parties upon other coupons attached to the same bond.

*Appeal from Johnson District Court.*

Whitaker v. Johnson County.

TUESDAY, DECEMBER 24, 1861.[1]

BRIEFLY, the facts of this case are as follows: Plaintiff sues upon certain coupons attached to bonds issued by the County of Johnson, to aid in the construction of the Lyons Iowa Central Railroad. Among other pleas, it is averred: 1st. That the County never executed the coupons, &c. 2d. That they were obtained by fraud; 3d. That the consideration had failed; of all which plaintiff had notice before his purchase. Plaintiff replied, that he had brought another suit upon other coupons issued for the same purpose, at the same time, by the County, to which the same defences had been set up; and that after a hearing upon the issues joined, they were decided against the County, and that such judgment remains in full force, &c. To this replication there was a demurrer which was sustained, and the plaintiff appeals.

*Grant* for the appellant.

*Edmonds & Ransom* for the appellee.

WRIGHT, J.—The question presented is, whether the former adjudication is a bar to the defenses stated in the defendant's answer to the present action.

Upon principle and authority we think it is, and that the court erred in sustaining the demurrer.

The estoppel of a judgment extends to the whole matter in dispute in the cause in which it is rendered, and therefore to every point decided between the parties in the course of the proceedings which led to the judgment. The judgment itself is sometimes said to operate as a bar, and the decision of a particular issue as an estoppel; but the conclu-

---

1. The opinion in this case and in *Blakely* v. *Bird*, were not delivered to the Reporter with the other opinions filed at this date, for which reason they does not appear in their proper order.

sive effect of both is the same, and depends upon the same principle, that what has once been judicially determined shall not again be made a subject of judicial controversy. 2 Smith's L. C. 574; *Parker* v. *Standish*, 3 Pick. 289. The same rule is thus succinctly stated by DE GREY, Chief Justice, in the leading case (*Duchess of Kingston's Case*, 11 State Tri. 261,) which rule has been subsequently followed, its statement being only varied in the use of the language employed: "*First*, The judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea a bar, or as evidence conclusive, between the same parties, upon the same matter, directly in question in another court. *Secondly*, That the judgment of a court of exclusive jurisdiction, directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question, in another court, for a different purpose."

These general principles are admitted by counsel, but their applicability to the case at bar is denied. And the denial rests upon the ground, that this action is upon *other* coupons, and not upon the same *matter* involved in the former suit. It is true that the coupons are different, but, within the meaning of the rule, the *matter* is the same.

The rule and policy of the law is that a man shall not be twice vexed for one and the same cause; and that the judgment is evidence, though the *form* of the action in the second cause is different from the first, if the cause is the same Broom's Maxims, 241, 248; *George* v. *Gillespie*, 1 G. Greene 421; *Sammons* v. *Van Pelt*, *ante*. And therefore, if, in the first action between these parties, the result had been in favor of the county upon the defences set up, or either of them, (inasmuch as they denied the liability of the County upon any or all the bonds and coupons issued) we think it is very clear that such judgment could have been successfully shown as an estoppel to the present action. And

in this respect the estoppel is mutual. As the plea would have have been good as a bar to the action, so being decided against defendant, may plaintiff claim and insist that he shall not be again or twice vexed by the same defense.

As suggested, these bonds and coupons were all issued at the same time, for the same purpose, and founded upon the same consideration. If any were fraudulent, they were all so. If the consideration failed as to one, it did as to all. If the County did not execute one, so as to be legally bound, it did not any. And the converse is true, that if there was no fraud, a sufficient consideration and the proper execution as to one, so there was as to all. This being true, it seems to us, that upon principles long and well settled, the adjudication of these questions for or against either party, must be treated as conclusive evidence, and that such adjudication may be well pleaded in bar, to the same issues when raised in an action brought upon other coupons or the bonds themselves.

The case of *Gardner* v. *Bucklee*, 3 Cow. 120, is precisely like this, except that there the finding, on the first trial, was for the defendant. The facts were that B. sued G. upon a promissory note, and G. pleaded that the note was given upon the fraudulent sale of a vessel by B. to G., which was the question upon the trial, and the verdict was for the defendant. B. afterwards sued upon another note given upon the same purchase, and it was held that the record and proceedings in the first trial were conclusive evidence of the fraud and a bar to the second action.

In *Castle* v. *Noyes*, 4 Ker. 329, the case was this: Noyes sued Ronk for removing *a portion of the property* bought by him at an execution sale against Houghton. Castle, defended and justified the removal by R. as his servant; claiming title under a mortgage from Houghton; which mortgage Noyes claimed was fraudulent. On the trial judgment was rendered against Noyes. In a subsequent action by Castle

to recover possession *of all the property* covered by the mortgage, it was held that the former adjudication, was conclusive against defendant's title to the property in question; the issue was precisely the same as in the first suit, and that although the subject matter might be different, the question was the same.

In further illustration of the same principle we refer to *Doty* v. *Brown*, 4 Coms. 71. There A held a bill of sale from B on certain personal property. C levied upon it by virtue of an attachment against B, and A subsequently converted to his own use *a portion of the property.* C sued A and recovered on the ground that the bill of sale was fraudulent as to the creditors of B. A afterwards brought replevin against C, to recover the *residue of the property*; and it was held that the first judgment was conclusive on the question of fraud. And see *Burt* v. *Sternbergh*, 4 Cow. 559; *Outram* v. *Morewood*, 3 East. 346; *Bochaud* v. *Dias*, 3 Denio. 238. This last case will be found very much like the one now before us. Indeed it would seem unnecessary to refer to further authorites to establish so plain a proposition. But see the following: *Grant* v. *Ramsey*, 7 Ohio St. 157; 7 Tenn. 456; *Vallandingham* v. *Ryan*, 17 Ill. 25; *Smith* v. *Whiting*, 11 Mass. 445; *Ramsey* v. *Hernden*, 1 McLean 450; 1 Greenl. Ev. § 522

The cases referred to by appellees counsel establish no contrary doctrine. Some of them are noticed: In *Moulton* v. *Libbey*, 15 N. H. 480, it appears that defendant owned certain logs, and in 1840 and 1841 requested plaintiff to saw them, with which request plaintiff complied in part. In 1842 defendant requested plaintiff to saw the remainder which he did. An action was brought for the sawing in 1840 and 1841, and judgment for defendant. In an action for the sawing done in 1842, it was held that the judgment in the first suit was not a bar to the second. It certainly requires no argument to show, that in its facts that case differs widely from the one before us. Defendant might

Whitaker v. Johnson County.

have been liable under the second contract or promise and not under the first. *King* v. *Chase,* Ib. 9, is much relied on by counsel. It must be admitted that it seems to recognize a different rule from that found in all of the many cases to which our attention has been directed. And yet the rule established therein as stated in *Moulton* v. *Libbey, supra,* is, that the matter in issue, in the second trial, was only *incidentally raised* in the first. Here however the matters stated were directly in issue. The case of *Ingram* v. *Morton,* 18 Mo. 53, only recognizes the doctrine, that parol evidence was admissible to show that the amount claimed in the second suit was not passed upon in the first, although under the declaration in the former suit, it could have been given in evidence. In *Hibsham* v. *Dulleban,* 4 Watts 183, the general rule is stated, and the further one, that neither the judgment of a court of concurrent or exclusive jurisdiction is evidence of any matter *incidentally* cognizable, nor of any matter to be inferred by argument.

And thus we might by reference to the other cases cited by counsel, show how far they fall short of the principle for which they contend. But the foregoing must suffice. None of them are in their facts like the one before us. The principle so just in itself and so well stated by Mr. Greenleaf (2 Ev. 352) here applies with all its force: "It is for the interest of the community that a limit should be prescribed to litigation; and that the same cause of action ought not to be twice brought to a final determination. Justice requires that every cause be once fairly and impartially tried; but the public tranquillity demands that having been once so tried, all litigation of that question, and between those parties should be closed forever."

The demurrer should have been overruled and because it was sustained let the judgment be

Reversed.