## MYERS v. THE COUNTY OF JOHNSON.

1. ESTOPPEL BY JUDGMENT. A judgment is conclusive as an estoppel only between the same parties, as to the same subject matter, and where the parties are mutually bound.

2. RAILROAD BONDS: CASE FOLLOWED. *The State of Iowa, ex rel. The Burlington and Missouri River Railroad Company* v. *The County of Wapello*, 13 Iowa, 388, cited and followed.

*Appeal from Johnson District Court.*

WEDNESDAY, OCTOBER 15.

The facts are stated in the opinion of the court.

*Clarke & Davis* for appellant.

*Edmonds & Ransom* for appellee.

LOWE, J.—Suit on certain coupons or interest notes attached to a railroad bond, No. 29, issued by the county of Johnson to the Lyons Iowa Central Railroad Company, in payment of a subscription by said county to the capital stock of said company.

Defense, that said company had procured the issuing of said bonds and coupons by false and fraudulent representations, &c., and further, that said county had no power or authority in law to issue the same for such purpose.

Replication, that the same defense had been set up between one Paul B. Ring and also one Spier Whitaker and the defendant, on the same class of securities, which, upon having been found against it, the county is now estopped from repleading the same defense in this suit. A demurrer to this replication was sustained, and the plaintiff appealed, and now refers, in support of the error which he assigns, to a decision made by this court in the case of *Whitaker* v. *The County of Johnson*, 12 Iowa, 595, where it was held that a judgment of a court of competent jurisdiction upon the validity of coupons attached to a bond is conclusive in another action between the *same parties* upon other coupons attached to the same bond. To bring the case at bar within the purview of the case quoted, the former adjudication should have been between the same parties, and that which is perhaps a still better test, the matter previously adjudicated should have the effect equally to estop both parties. It is very apparent that if the case of *Whitaker* v. *The County of Johnson* had been decided in favor of the latter upon the issue suggested, that the county could not plead such decision in bar of the plaintiff's right to recover in this case, because such a

defense would have the effect to conclude the rights of the plaintiff without giving him a day in court. It is against the whole theory and policy of the law to deny to one party that which would be and must be allowed to his adversary, under like circumstances.

With regard to the authority of the county to issue paper of the description and for the purposes mentioned, we consider that we have settled that question so far as this court is concerned, especially as at present constituted, in favor of defendant, in the case of *The State of Iowa, ex rel. The Burlington and Missouri River Railroad Company,* v. *The County of Wapello,* 13 Iowa, 388. Judgment below

Affirmed.