The City of Davenport v. The C., R. I. & P. R. R. Co.

26. VERDICT: general: special

THE CITY OF DAVENPORT v. THE C., R. I. & P. R. R. Co.

1. **Pleading**: PRACTICE: JUDGMENT UPON ANSWER. Under section 3135 of the Revision, it was proper for the District Court to render judgment against a railway company for city taxes upon a certain property for a particular year, in an action for the same for a period of years, by a municipal corporation, where the company did not controvert its liability, but confessed that the taxes were due and payable, and offered judgment therefor. The case does not come within the provisions of section 3404 of the Revision.

2. **Taxation**: RAILROAD TAX: UPON GROSS EARNINGS. The payment, by a railroad company, of a tax of one per centum on the gross earnings of the road, under Chapter 169, Acts of the Twelfth General Assembly, did not relieve the company from the payment of municipal taxes upon property within city limits. Following *Dunleith & Dubuque Bridge Co. v. The City of Dubuque*, 32 Iowa, 427. COLE, J., *dissenting*.

3. **Estoppel**: TAXES: EACH YEAR'S A SEPARATE CAUSE OF ACTION. In an action against a railroad company for the municipal taxes of 1867–1871, inclusive, the company pleaded a decree of the District Court, rendered in 1867, enjoining the city from collecting city taxes, levied upon the same property upon which taxes are claimed in this case, for the years 1863, 1864, and 1865. *Held*: that such decree would not estop plaintiff from collecting the taxes in controversy.

> *Argument* 1. Each year's taxes constitute a distinct and separate cause of action. They do not, in any just sense, grow out of the same transaction.

> *Argument* 2. The case does not fall within the principle involved where a particular issue of *fact* is determined, and judgment rendered accordingly, the parties being afterward estopped from denying the issues thus determined. COLE, J., *dissenting*.

4. ——: ——: ——. The statute under which the decree was rendered was repealed April 29, 1868, and Chapter 106, Laws of 1870, similar in its features, enacted in its stead. Thus the taxes of 1868 and subsequent years, were levied under statutes passed after the adjudication pleaded as an estoppel. *Held*: that the decree could not be admitted as an estoppel; the effect of such admission being to prevent a construction by the court of the subsequent statute. COLE, J., *dissenting*.

5. ——: PARTIES: CORPORATION. The fact that a decree has been rendered in the Circuit Court of the United States, enjoining a city from the collection of taxes from a railroad company, in a suit instituted by a stockholder to which the company was neither privy nor party, and of whose proceedings it did not claim the benefit, cannot be pleaded in bar of a recovery of municipal taxes.

6. **Taxation**: OF RAILROAD PROPERTY: CONSTITUTIONAL LAW. The ninth section of Chapter 26, Laws of the Fourteenth General Assembly, releasing the property of railroad companies from the payment of municipal taxes, is in conflict with the second section of Article eight of the State Constitution, and therefore inoperative and void.

> 1. Independent of this provision of the Constitution, and by virtue of its general legislative authority, the General Assembly is vested with the power to subject all classes of property, including that of corporations, to taxation for proper purposes.

> 2. To give effect to this section of the Constitution it must be interpreted as imposing the *duty*, instead of simply granting the power, to tax the property of corporations for pecuniary profit, the same as that of individuals.

> 3. Their property should be taxed to the same extent, for the same purposes, and at the same rates, as that of individuals.

> 4. The phrase "railroad companies," in the act, is used as synonymous with "railroad corporations." It was not the purpose of the act to release the taxes on railroad *property*, and not on railroad *corporations*. COLE, J., *dissenting*.

7. ——: ——: ——. The thirteenth section of Chapter 26, Laws of the Fourteenth General Assembly, which provides that " all laws and parts of laws inconsistent with the provisions of this act are hereby repealed," does not take away the right to collect city taxes due and unpaid prior thereto, since the only section (ninth) in conflict with existing statutes, is unconstitutional, and since the repealing section would create a distinction between the liability of the property of corporations and that of individuals to taxation, and thus be void. COLE, J., dissenting.

8. ——: PRACTICE: MUNICIPAL CORPORATIONS. The right of a city to maintain an ordinary action at law for the collection of delinquent taxes, is not a jurisdictional question which might be raised at any time, and cannot first be urged in the Supreme Court. It should be raised by demurrer or otherwise in the court below.

*Appeal from Scott District Court.*

FRIDAY, JUNE 19.

THE plaintiff brings this action to recover of the defendant certain taxes, levied for city purposes, on the depot grounds, track, etc., of the defendant, within the limits of the city, and on the north half of its railroad bridge across the Mississippi river, for the years 1867, 1868, 1869, 1870 and 1871.

The answer of the defendant is as follows:

1st. (Admitting the liability for the bridge tax of 1870 and 1871,) and stating that for each and every one of the years for which taxes are claimed, at the periods required by law it had fully paid to the State of Iowa, the tax upon its gross receipts, according to the laws of Iowa, and that such payment was in lieu of any and all taxes, including taxes which might have been levied by the city of Davenport, for said years, upon the property described in plaintiff's petition.

2d. By way of estoppel, defendant pleads the decree in an injunction suit in the Scott District Court, brought by the *Mississippi & Missouri Railroad Co. v. The City of Davenport*, rendered in February, 1867, enjoining the collection of taxes levied on the same property, for the years 1863–1865, and that defendant herein has become the owner of said property, by purchase at foreclosure sale under mortgages thereon, existing in 1866, in which year said sale took place.

3d. The defendant also pleads, by way of estoppel, a similar decree in the United States Circuit Court for Iowa, rendered Nov. 2, 1869, in a suit in equity by David Dowes, a stockholder in the defendant's company, against the City of Davenport and its Marshal, to enjoin the collection of the tax levied by the city for 1868. A full transcript of the proceedings in the action is annexed to the answer, and made a part thereof.

4th. The defendant further answers that it has always heretofore and since its existence, paid all taxes on gross earnings, provided by law, and so by virtue of chapter 69, of the Laws of the Fourteenth General Assembly, approved April 5, 1872, this defendant is released from any claim of said City of Davenport for any and all taxes upon said described property, prior to January 1, 1872.

As a partial defense, the defendant pleaded payment of the tax on its bridge for the year 1870, and admitted $3,500 to be due for that of 1871, and offered judgment therefor.

Upon the filing of this answer, the plaintiff moved for judgment for the bridge tax admitted, which motion was sustained, to which defendant excepted.

The plaintiff thereupon filed a demurrer to each of the other four divisions of the answer as follows:

" Plaintiff demurs to the first plea because the payments ('of taxes on gross earnings) therein alleged, were not in lieu of the taxes sued for, and constitute no bar to the action.

II. Demurs to the second plea, because—

1st. The taxes sued for herein are other and different from those which were the subject of the suit therein set forth, and the judgment rendered therein is no bar or estoppel to this action.

2d. The defendant herein was not a party to said suit, and does not appear, from the plea, to be in privity with the Mississppi and Missouri Railroad Co., in respect to the decree in said suit.

III. Demurs to the third plea, because—

1st. Defendant was not a party to said suit therein set forth, nor in privity with any party thereto, and not being itself

*bound* by the decree therein, is not entitled, as against plaintiff, to the benefit thereof by way of estoppel.

.2d. Said decree is void for want of jurisdiction in the court to render it.

3d. The defense set up in said third plea is pleaded as a defense to the whole petition, whereas it is a good defense (if at all) only to the second count of petition.

IV. Demurs to the fourth plea, because—

1st. The said act of the Fourteenth General Assembly therein referred to, or so much thereof as purports to release the defendant from liability for municipal taxes theretofore levied, is unconstitutional, null and void.

2d. Because said plea shows no defense, as against so much. of plaintiff's claim, as is based on taxes levied on the defendant's railroad bridge, and being bad as to part is bad *in toto.*"

The court below sustained the demurrer to the first, second and third divisions of the answer, and overruled it as to the fourth division of the answer. Plaintiff appeals from the overruling of the demurrer to the fourth count, and. the defendant appeals from the ruling sustaining the demurrer to the other counts.

*John N. Rogers*, for plaintiff.

*Cook, Richman & Bruning, Thomas F. Withrow*, and *Edmunds & Ransom*, for defendant.

MILLER, CH. J.—This case is one of paramount importance, both in the amount of money involved and the gravity of the legal questions presented. It has been argued by learned counsel, with great and unusual ability, and we have endeavored to give the case that careful and deliberate consideration which its magnitude demands.

I. The District Court did not err in rendering judgment on plaintiff's motion for the sum, confessed by the answer to.

1. PLEADING: practice: judgment upon answer.

be due and unpaid as taxes, upon the north half of its bridge. The answer, in plain and unqualified language, says that the "plaintiff is entitled to the

sum of $3,500," for taxes on the north half of its railroad bridge for the year 1871, " for which amount and costs to the date of filing this answer, defendant tenders judgment." The Statute, (Revision section 3135,) provides that " if only part of the claim is controverted by the pleading, judgment may, at any time, be rendered for the part not controverted." The petition claims to recover city taxes levied upon the depot grounds and buildings thereon, upon its railway tracks, side tracks, switches and road bed within the city limits, and also upon the north half of its railroad bridge across the Mississippi river, also within the city limits for the years 1867, 1868, 1869, 1870 and 1871. Now the claim for taxes on the north half of the bridge, for the year 1871, the defendant does not controvert, but confesses that they are due and payable, and offers judgment therefor. The case comes very clearly within the section of the statute above quoted. The plaintiff claims taxes on different properties for different years. The defendant does not controvert the claim on one of the pieces of property named, for one of the years. This being so, the court did not err in rendering judgment for the sum admitted. The confession in the answer is not to be governed by section 3404 of the Revision. The offer to confess judgment, there provided for, does not contemplate admissions or confessions contained in the pleadings. Under that section the offer must be made in court in presence of the plaintiff, or after notice to him that the offer will be made. It is collateral to the pleading, for, if not accepted, it " shall not be deemed an admission of the cause of action or amount to which the plaintiff is entitled, nor be given in evidence at the trial." The offer likewise must be as broad as the acceptance is required to be, and since the acceptance must be in full of all demands, it follows that the offer must be equally broad. It is quite clear that the answer in this case does not come within the provisions of this section.

II. Did the court err in sustaining the demurrer to the first division of the answer?

The substance of this count in the answer, is that having, for each and every year for which plaintiff claims, fully paid

to the State of Iowa, the taxes on its gross receipts, according
2. TAXATION: to the requirements of the statutes, the defendant
railroad tax: was not liable to pay the taxes claimed, except
upon gross
earnings. those on the north half of its bridge, for 1870 and
1871, that the payment of taxes by the defendant, on its gross
receipts, was in lieu of all other taxes, including taxes which
might have been levied by the city.

In *Dunleith & Dubuque Bridge v. The City of Dubuque*,
32 Iowa, 427, this court held (COLE, J., *dissenting*) that pay-
ment by a railroad company, of a tax of one per centum, on
the gross earnings of the road, under chapter 169 of the Acts
of the Twelfth General Assembly, did not relieve the railroad
company from the payment of city taxes, levied upon its
property within the limits of the city. The act was held to be
confined in its operation to State and county taxes. Under
the doctrine of that case, the first count of the answer pre-
sented no defense and the demurrer therefore was properly
sustained.

III. In the second count of the answer, the defendant
pleads, as an estoppel, a judgment rendered, February, 1867,
3. ESTOPPEL: in the District Court of Scott county, enjoining
taxes: each
year's a sep- the city of Davenport from collecting city taxes,
arate cause of
action. levied by it upon the same property on which taxes
are claimed in this case, for the years 1863, 1864 and 1865, in
a suit brought by the Mississippi & Missouri Railroad Com-
pany against the plaintiff herein, and alleging that the defend-
ant in this suit is now the owner of the said property, on which
taxes were levied, having purchased the same in 1866, at
sheriff's sale, on special execution, issued on a judgment of
foreclosure of a mortgage on said property. The demurrer
raises the question whether that judgment works an estoppel
of the plaintiff, to collect the taxes sued for in this action. We
are of opinion that it does not. While this action may be
conceded to be between parties and privies to the former
decree, yet we think it is clear that the subject matter of the
two actions are not the same. The taxes enjoined in the for-
mer suit were those for 1863, 1864 and 1865. This action is
to recover for subsequent taxes. Each year's taxes constitute

a distinct and separate cause of action, and the determination of the matters, involved in the injunction suit, reached no farther than the taxes of the years then in question. The cases are unlike those where two causes of actions, (as two promisory notes,) forming the subject matter of successive actions between the same parties, *both growing out of the same transaction,* in which a defense set up in the first suit, and held good, will conclude the parties in the second. So a judgment of a competent court upon the validity of coupons attached to a bond is conclusive in another action, between the same parties upon other coupons attached to the same bond, *Bochard v. Dias,* 3 Denio, 238; *Whittaker v. Johnson County,* 12 Iowa, 595. But the taxes of separate years do not in any just sense grow out of the same transaction. They are like distinct claims on two different promissory notes made upon two distinct and separate, though similar transactions between the same parties. A judgment on one of such notes, it is quite clear, would not be of any force as an estoppel in an action on the other note between the same parties.

In support of these views, see the following cases: *Arnold v. Arnold,* 17 Pick., 4; *Ferrer's Case* 6, Coke, 7; *Cleaton v. Chambliss,* 6 Rand (Va.), 86; *Clark v. Young,* 1 Cranch, 181; *Beere v. Fleming,* 13 Irish, C. L., 506; *Norton v. Huxley,* 13 Gray, 285; *Ricker v. Hooper,* 35 Vert., 457; *Harding v. Hale,* 2 Gray, 399; *Marsh v. Pier,* 4 Rawle, 273; *Packet Co. v. Sickels,* 5 Wall., and cases cited; *Meyers v. Johnson County,* 14 Iowa, 47; *Simmons v. Van Pelt,* 12 Id., 368, and cases cited.

Again, this case does not fall within the principle involved where a particular issue of *fact* is tried and determined, and judgment rendered upon such determination, which judgment estops both parties from afterwards denying the fact thus found and determined. See Bigelow on Estoppel, page 22.

In addition to what has been above said on this point, it may be further remarked that, the statute under which the former judgment was rendered, was repealed by chapter 196, of the laws of 1868, which took effect April 29th 1868, and this act was superceded by chapter 106,

of the laws of 1870. Thus the taxes of 1868, and subsequent years were levied under statutes passed after the adjudication pleaded as an estoppel, and while the act of 1868, is similar in its main features to the act of 1862, which was in force when the injunction decree was rendered, yet a judgment involving the construction of a statute, and turning upon such construction, cannot be invoked after its repeal as an estoppel as to the law, under a subsequent statute though similar in its provisions, for this would deny to the court the power to determine whether the subsequent statute should receive the same, or a different interpretation from that placed upon the repealed statute. It would tie the hands of the court and prevent a construction of the subsequent statute. This cannot be allowed. The former decision may be an *authority* in a case arising under the subsequent statute, but it cannot be admitted as an estoppel upon the law questions involved in the subsequent action.

Mr. Justice COLE does not concur in the holding on this point, but *holds* that since the prior adjudication was based upon, and rendered under the statute as it then stood, and held that the city had no power to levy any tax upon the property; this want of power was therefore adjudicated and as effectually disposed of as it could be by litigating the taxes of each subsequent year. The tax for 1867, was levied under the same law as those embraced in the prior adjudication; other taxes for 1868 and 1869, under laws identical in these respects with it, and as to all these he holds the adjudication conclusive.

IV. The third division of the answer sets up, by way of estoppel, a decree rendered in the Circuit Court of the United

5. ——: parties: corporation. States for Iowa, November 2d, 1869, enjoining the city and its Marshal from collecting the city taxes, levied on the defendant's same property for the year 1868, in a suit by David Dows, of the State of New York, in which case it is alleged that he was then " a stockholder in the defendant's railroad." The tax involved in that case is one of those sued for in this case, but the parties are not the same in that case as in this. The plaintiff in the former case described himself as a stockholder in the defendant's railroad, it is true. This

VOL. XXXVIII.—41

was necessary for the purpose of showing that he had an interest in the relief prayed, and this was the object of the averment. It does not appear to have been made with a view of prosecuting the suit for the benefit, or on behalf, of the defendant; nor is it made to appear in any manner that the railroad company claimed the benefit of the proceedings, or even knew of their pendency. It is clear, therefore, that the defendant was neither party nor privy to that action. Nor would the decree in that case have bound the defendant if it had been adverse to the plaintiff therein. For this reason, also, the decree cannot be made a bar to this action. In order to constitute a bar the former adjudication should have the effect to equally estop both parties. *Meyers v. Johnson county, supra.*

V. In the fourth count of the answer, the defendant claims to have been released from the payment of the taxes sued for under and by virtue of chapter 26, of the Laws of the Fourteenth General Assembly, approved April 6th, 1872.

The ninth section of this act reads as follows: "Every railroad company which shall have paid all taxes on gross earnings, provided for by chapter 106, of the acts of the Thirteenth General Assembly, shall be released from the payment of all other taxes which may have been levied upon the road bed, right of way, track, rolling stock, and necessary buildings for operating their road, and no taxes for prior years for State, county, municipal, or any other purpose for which any tax can be levied under the laws of the State, up to the first day of January last, shall be collected from any such railroad company on such property."

6. TAXATION: of railroad property: constitutional law.

The act embracing the above provision was passed after the taxes sued for in this action were levied, and after this action had been commenced.

It is insisted by plaintiff's counsel that this section of the act is unconstitutional, and therefore invalid.

The second section of Article 8, of the State Constitution, is in these words: "*The property of all corporations for pecuniary profit shall be subject to taxation, the same as that of individuals.*"

The first inquiry which presents itself in reference to this clause of the constitution is, whether the language used is to be understood as merely conferring upon the General Assembly the power to tax this class of property, or whether it is in the nature of a mandate—requiring that such property shall be taxed the same as the property of individuals. Taxation is an attribute of sovereignty. It is one of the powers necessary to the life and existence of the State, and unless restricted in the fundamental law, the power of the State is full and ample to subject all species of property within its limits to taxation for all lawful purposes. This power is vested in the General Assembly by the people, who are the source of political power, in the following broad and comprehensive language: "The legislative authority of this State shall be vested in a General Assembly, which shall consist of a Senate and House of Representatives." See State Constitution, Sec. I, of Art. 3. Taxes can be levied only in pursuance of law. The law-making authority of the State is the General Assembly. This power is given in general terms, and confers the authority upon that body to legislate upon all rightful subjects of legislation, unless prohibited from so doing, expressly or by clear implication. *Morrison v. Springer*, 15 Iowa, 342–3; *Stewart v. Supervisors of Polk Co.*, 30 Iowa, 18. The taxing power being one of the sovereign powers of the State, vested in the General Assembly, and not being limited in the Constitution as to the kinds or classes of property subject to taxation, it follows that the General Assembly possesses the power, derived from its general legislative authority, to subject all kinds and classes of property to taxation for all proper purposes, and that the clause first above quoted was not necessary to enable it to pass laws for the taxation of the property of corporations.

The power of taxation reaches all classes of property alike, independently of this provision of the Constitution. We, therefore, conclude that since it must have been intended to give some force and effect to this section as a part of the fundamental law, it must be understood as a command to, and as enjoining it as a duty upon, the General Assembly, to provide

by law for the taxation of the property of corporations for pecuniary profit the same as that of individuals. In other words, this clause *requires* the legislature to provide for the taxation of this class of property the same as that of individuals.

In the next place, what are we to understand to be intended by the language " the same as that of individuals"? We need not determine whether this language requires that corporate property shall be taxed *in the same manner* as that of natural persons. It seems, however, quite clear that it was intended by this language to require the legislature to impose the *burdens* of taxation upon the property of corporations for pecuniary profit the same as, or equally with, that of individuals; that the property of this class of corporations shall bear the same burdens of taxation as are placed upon that of individuals; that each shall be taxed for the same objects, and in the same degree, so that individuals shall not be required to pay any taxes on *their property* which are not also assessed and laid upon the *property of corporations* of the class named, nor in any greater proportion. When the legislature provides for taxing the property of individuals, this clause of the Constitution requires it to tax the property of corporations for pecuniary profit, to the same extent and for the same purposes. If the property of individuals be taxed for State, county, school and municipal purposes, the property of this class of corporations must be subjected to the same taxes and at the same rates. The one cannot be exempt and the other liable.

This state of things existed under the law at the time of the passage of the act of the General Assembly under consideration. The property of railroad corporations, (which are conceded to be corporations for pecuniary profit), was, like that of individuals, subject to taxation for city purposes. See *Dunleith & Dubuque Bridge Co. v. City of Dubuque*, 32 Iowa, 427. The laws then in force subjected the property of railroad corporations to taxation for municipal purposes the same as that of individuals. The act of the General Assembly under consideration interposes and declares that those railroad companies which shall have paid all taxes assessed against

them for *other* purposes shall be *released* from these *city taxes*, which have been levied upon their road bed, right of way, tracks, rolling stock, and necessary buildings for operating their road, which would be otherwise subject to such taxation under the law. It seems very clear that here is a direct and palpable conflict between this act of the legislature and the constitutional provision requiring the property of these corporations to be taxed for the same purposes, and to the same extent as that of individuals. The effect of the act, if held valid, would be to *exempt* the property of railroad corporations situated in cities and incorporated towns from municipal taxes, while the property of individuals similarly situated would be subject thereto, which is the very result that was intended to be prevented by the framers of the constitution.

It is insisted by counsel for defendant that the act operates as a release of taxes on railroad *property*, and not on railroad *corporations*, and that it makes no distinction in respect to such property, between corporations and individuals. In this we cannot concur with the learned counsel. The act under consideration deals in *terms* with railroad corporations only. The language is, "Every *railroad company* which shall have paid all taxes on gross earnings, etc., shall be released from the payment of all other taxes which may have been levied on the road. bed, right of way, rolling stock, and necessary buildings for operating their road, and no taxes for prior years, for State, county, municipal, or any other purpose for which any tax can be levied under the laws of the State, etc., shall be collected *from any such railroad company*, on such property."

The act releases the *railroad companies* who have paid, etc., from all taxes levied for any purpose on the property named. It is not an exemption or release from taxation, of a class of *property*, irrespective of the ownership, but a release of these corporations from taxes which had been levied alike on their property and that of individuals. The act attempts to remove the burden from the corporations and leave it remaining upon individuals having property within the incorporated cities and towns of the State. The terms "railroad companies" are used

in the act as synonymous with "railroad corporations." These terms are used indiscriminately throughout the legislation of the State, and are so used as meaning the same thing. The terms "railroad *companies*" are more frequently used in the legislative acts than the terms "railroad *corporations*." In the use of the former terms, in the act under consideration, it is beyond doubt that they were used as synonymous with "railroad corporations." Indeed this seems to be conceded by counsel for the defendant; but they claim that this objection of class legislation applies to all the legislation of the State in reference to railroads. We are not now considering how far the General Assembly may go in making laws on other subjects than taxation which apply specially and peculiarly to railroad corporations, or to what extent "class legislation," as it is called, in respect to these c rporations, may be carried. On this subject of taxation the constitution has forbidden any discrimination in favor of the property of this class of corporations.

But if the kind of property mentioned in the act under examination, viz: railroad property, be of a character that it may be owned and controlled by a natural person, still it would, under the laws of the State, be subject to be taxed for municipal purposes when situated within the limits of an incorporated city or town, for the act purporting to release *railroad companies* from the payment of such taxes, cannot be construed to release a private individual from the payment of such taxes on the same kind of property when owned by him. This results in discriminating in favor of corporations and against individuals, and is plainly violative of the constitution. Again, if railroad property be of such a nature as that it may not be owned or held by an individual, but can only be owned and held by railroad corporations, the act is equally vulnerable to the constitutional objection, for it affects the property only when held by corporations. It exempts the property of railroad corporations from taxation, while that of individuals remains, under the laws of the State, subject thereto. To prevent this state of things was the purpose of the constitutional provision herein set out.

Finding, therefore, that there is this direct and palpable conflict between the enactment under consideration, and the constitution, it becomes our plain duty to declare the former invalid, and of no effect. *Stewart v. Board of Supervisors, supra.*

It is urged that the 13th section of the act of 1872, which provides that "all laws and parts of laws inconsistent with the provisions of this act, are hereby repealed," takes away the power and right to collect the city taxes due and unpaid prior to the taking effect of that act. We think there are two satisfactory answers to this claim. *First,* the only laws declared repealed are those inconsistent with the provisions of that act. The only provision in that act conflicting with the prior statutes upon this question, is the 9th section, which we have just seen is in conflict with the constitution and void. Being void, it is to be treated as if stricken out of the act, which leaves nothing therein inconsistent with the former statutes upon this subject, and hence they are not repealed. *Second,* if the effect of the repealing section would be to release the railroad company from taxation upon their property for city purposes, while that of natural persons similarly situated is subjected thereto, then such repeal is in violation of the constitution, for the reason that it creates this inequality, and is invalid and inoperative.

Mr. Justice COLE dissents from the holding in the foregoing division of this opinion, on the grounds and for the reasons stated by him in his dissenting opinion in the case of *The City of Dubuque v. The Illinois Central Railroad Company,* present term.

VI. In the view we have taken of this constitutional question, it becomes unnecessary for us to examine and determine the question, (very ably argued,) whether the plaintiff, a municipal corporation, had such a vested right in the taxes due, and delinquent upon the property of the defendant situated within the city limits, at the time of the passage of the act releasing the same, as that the legislature could not constitutionally interpose and release them.

VII. Counsel on both sides have also very exhaustively

argued the question of the right of the plaintiff to sue, and
maintain an ordinary action at law for taxes due
and unpaid. This question is not raised in any
manner by the demurrer, and is urged for the
first time in this court. It is not a jurisdictional question that
may be taken advantage of at any time. If there is anything
in the objection, it is that delinquent taxes are not the subject
of a civil action, or in other words, that the facts that taxes
have been regularly levied on the defendant's property which
remain due and delinquent, do not constitute a cause of action.
This objection must be raised by demurrer or otherwise in the
court below, and cannot be presented for the first time in this
court. We therefore, refrain from intimating any opinion on
this question.

*8. ——: practice: municipal corporations.*

On the defendant's appeal the judgment of the District
Court will be affirmed. But as the court erred in overruling
the demurrer to the fourth count of defendant's answer, the
judgment will on plaintiff's appeal be

REVERSED.

BECK, J., concurring.

I concur in the conclusion reached in the foregoing opinion,
affirming the judgment of the District Court. My views and
the arguments upon which they are based, differ in many
respects from those expressed by the Chief Justice. They are
fully presented in my opinion in *The City of Dubuque v.
The Ill. Cen. R. R. Co.* To that I refer for a full discussion
of the doctrines which, I conceive, control this cause.

NOTE.—In the *City of Dubuque v. The Ill. Cen. R. Co.*, involving similar
questions, and the opinion in which was filed at the same time, and will
appear in Vol. 39 of this series, the judgment was affirmed, and therein
BECK, J. holds that the 9th section of Chapter 26, Laws of 14th General
Assembly is unconstitutional and void, not only because it is in conflict with
the second section of Article 8, of the Constitution, but on the ground also
that the taxes sued for having become due and delinquent prior to the pas-
sage of the act, the city had a vested right of property in such taxes,
which it is not competent for the legislature to impair or take away. In
this conclusion none of the other judges concur.

BECK, J., also holds in that case that an ordinary action at law may be
brought by the city to recover delinquent taxes. On this question COLE, J.,

dissents, and DAY, J. and MILLER, Ch. J. express no opinion, deeming the question as not properly arising in the case.

BECK and DAY, JJ., hold that the railroad company is subject to be taxed within the City of Davenport, for city purposes, upon all its rolling stock used upon the line of its road across the State. MILLER, Ch. J. and COLE, J. concur in holding a contrary view, deeming the question to have been decided in *The City of Davenport v. The M. & M. R. R. Co.* 16 Iowa, 348, and *The Dubuque & S. C. R. R. Co. v. The City of Dubuque*, 17 Iowa, 120. In other respects the cases are alike.