Goodenow v. Litchfield.

## GOODENOW v. LITCHFIELD ET AL.

1. **Former Adjudication**: ASSIGNEE BOUND. The assignee of a party bound by a former adjudication is also bound thereby.

2. **Decree**: CONTROLS OPINION OF COURT. When the decree of a court is at variance with the written opinion, the former controls and determines the rights of the parties.

3. **Former Adjudication**: TEST OF. When a former adjudication is relied on as a bar to an action, it must appear, either by the record or by extrinsic evidence, that the particular matter in controversy and sought to be concluded was necessarily tried and determined in the former action.

4. ———: ———: RULE APPLIED. In a former action the plaintiff demanded that the title to certain lands be quieted in him, or, if the defendant should be found to have the better title, that plaintiff should be reimbursed by defendant for taxes paid by plaintiff on the land, and, by agreement of parties, these propositions were specially submitted to the court; the court entered a decree dismissing plaintiff's bill as to the *lands: held* a dismissal and adjudication of both claims made by the plaintiff.

5. ———: NEW CAUSE OF ACTION. An adjudication by a competent tribunal is conclusive, not only in the proceeding in which it is pronounced, but in every other where the right or title in controversy is the same, although the cause of action may be different.

6. ———: ———: RULE APPLIED. It was accordingly *held*, that a former adjudication in a suit to recover taxes paid on certain lands for certain years is conclusive in another suit between the same parties and their privies to recover taxes paid on the same land for subsequent years, when the payments for all the years were made in the same right, without any change in the relation of the parties or of the law governing their rights. *City of Davenport v. C., R. I. & P. R. Co.,* 38 Iowa, 633, *distinguished.*

7. ———: DISMISSAL WITHOUT PREJUDICE IN PART. Where in the former action the bill was dismissed without prejudice as to a *part* of the lands, but the gross amount of taxes claimed to be recovered was agreed to have been paid on *all* the lands, *held*, an adjudication as to the recovery of the taxes paid on all the lands.

### ON REHEARING.

1. **Former Adjudication**: EFFECT OF. A former adjudication estops a party or his privy from afterwards pleading anything which he might have pleaded in the former action.

2. ———: SUCCESSIVE CAUSES OF ACTION. It is not essential that the successive causes of action should be the same, but when the very matter or thing which it is sought to litigate must have been adjudicated in the prior action, the bar or estoppel is complete.

3. ——: ——: RULE APPLIED. It was accordingly *held*, that, when in an
action to recover taxes paid on land for certain years, a particular ques-
tion has been adjudicated, such adjudication will be conclusive on the
parties and their privies in another action to recover taxes paid for sub-
sequent years, when the subsequent payments were made under pre-
cisely the same claim of right and under the same circumstances as the
former. ADAMS and DAY, JJ., *dissenting*.

4. **Practice in Supreme Court**: OBJECTION TOO LATE. After a cause
has been submitted, determined, and a rehearing granted, it is too late
to raise for the first time, in an argument for rehearing, the objection
that a former adjudication of the question in issue is void for want of
jurisdiction in the court rendering the former judgment.

## *Appeal from Webster Circuit Court.*

### THURSDAY, JULY 13.

THIS is an action in equity for the recovery of certain sums
of money paid by the Iowa Homestead Company, the plaint-
iff's assignor, on account of taxes upon certain lands. The
ownership of the lands was in dispute between the Home-
stead Company and the defendant Litchfield, and the taxes
in question were paid during said controversy. The title to
the land was finally determined to be in the defendant Litch-
field. It is now claimed by the plaintiff that he, as assignee
of the Homestead Company, should be reimbursed for the
taxes so paid, because the same were paid with knowledge
upon part of the defendant, and. in pursuance of a statutory
obligation resting upon said company to pay them.

The defenses are: *first*, that the payments were volun-
tary and with knowledge of the facts. *Second*, that the claim
is barred by the statute of limitations except as to the taxes
of 1871. *Third*, that the right to recover said taxes has been
finally adjudicated; and *Fourth*, that the defendant was un-
der no obligation to pay said taxes at the time they were
paid by the Homestead Company, because of the adverse claim
to the land set up by the State of Iowa and the United States,
and that by reason thereof there is no obligation on the part
of the defendant to reimburse the plaintiff. There was a

trial upon the merits in the court below, and a decree was entered dismissing the petition.   Plaintiff appeals.

*George Crane*, for appellant.

*Wright, Gatch & Wright*, for appellees.

ROTHROCK, J.—The lands upon which the taxes were paid are situated in Webster county, and the taxes in controversy were paid to the treasurer of that county.  The county is made a party defendant, but as we understand the record, it is not claimed that the county is liable to the plaintiff.  The relief prayed is that an account be taken of the amount of taxes that defendant should pay, and that a decree for the proper amount be entered up against the defendant in the name of the plaintiff, or in the name of Webster county, for the use and benefit of the plaintiff, and made a lien on the lands upon which the said taxes were paid.  The actual controversy then is between the plaintiff and the defendant Litchfield, and the ultimate question to be determined is, should the defendant reimburse the plaintiff for the taxes so paid.

The case in its general features is similar to *Goodenow v. Moulton*, 51 Iowa, 555.  Both involve reimbursement for taxes paid upon lands held by the same title, and if it were not for the defense of former adjudication we are unable to see why the decision in that case is not conclusive of this. Believing, however, that this case must be determined upon the question of former adjudication, and upon that alone, we will proceed at once to a consideration of that question.

It is proper to state in the outset that the plaintiff claims the right to recover as the assignee of the Homestead Company.

1. FORMER adjudication: assignee bound.

Being a mere assignee, if the claim was before the assignment settled by a final adjudication against the Homestead Company, the plaintiff cannot recover.  It is claimed by the defendant that the claim now made was fully and finally adjudicated by the Supreme Court of the United States in the case of *Homestead Company v.*

*Valley R. R.*, 17 Wall., 153. To determine this question an examination of the record made in that case is necessary.

That action was commenced in the Webster District Court, in this State, in October, 1868. The substance of the petition was that the plaintiff therein, the Homestead Company, was the owner of certain described lands and that the defendant made some claim thereto. It was prayed that the title of the plaintiff might be quieted. One paragraph of the petition was as follows: "The said plaintiffs have been in possession of the lands claimed by them, themselves or their vendees in contract since 1861. They have paid the taxes thereon to the State of Iowa since, in all amounting to $80,000, and if their title has failed they are entitled to have their taxes refunded since 1861 by the holder of the legal title who has not paid them." The following clause is in the prayer of the petition: "That in the event of the decree that the plaintiff's present title, or any part of it, has failed, that the said Des Moines Navigation and Railroad Company and its assignees may be decreed to repay to the plaintiff all the taxes which he has paid on said lands and interest thereon."

The answer in that action, among other averments, contains the following: "And this defendant further averring says: that as to whether or not the said complainant and its vendees have been in possession of, and paid taxes on the lands claimed by them since 1861, to the amount of $80,000, this defendant is ignorant and uninformed, save by the said complainant's bill of complaint, but he expressly avers that the possession of the said lands by the said complainant and its vendees since 1861, is, and has been unauthorized and wrongful, and that the said complainant should be required to account for the use and rents and profits thereof, to the proper owners respectively, during the time they have been in such possession, and he expressly alleges and avers that all taxes whatever, paid by said complainant, have been paid by complainant voluntarily, with a knowledge of all the facts, and

that the complainant is not entitled to have the same, or any part thereof refunded."

The cause having been transferred to the Circuit Court of the United States was submitted upon the evidence, among which was a stipulation in these words: "It is agreed that the only questions submitted on the hearing are:

"1st. In which of the parties is the paramount title in controversy?

"2d. If the title shall be adjudged to be in the defendant, the Des Moines Navigation and Railroad Company, is the plaintiff entitled to be reimbursed for taxes which it has paid on the lands?

"The amount of taxes is admitted to be $2,000. If the court shall find that plaintiff is entitled to be reimbursed, the question of the amount to be reimbursed shall be referred to a master, and the defendant shall have a right to show any counter-claim or other matter which should be considered as reducing the amount to be reimbursed."

The decree of said court after reciting that the cause was "heard upon the bill and amendments, answers, replications, agreements of counsel, exhibits and depositions," concludes as follows:

"And thereupon, it was ordered, adjudged and decreed, that the plaintiff's bill as to the lands in townships 86, 87 and 88, ranges 27, 28, 29 and 30, east and west of the Des Moines River and south of the second correction line, and townships 89, 90, 91 and 92, ranges 28 and 29, east of the Des Moines River, and the bill for relief for indemnity lands in lieu thereof, be dismissed. And the bill for relief as to the lands in townships 89 and 90, north, range 28 and 29, west, on west side of Des Moines River, be dismissed without prejudice, and that the plaintiffs pay the costs."

The decree of the Supreme Court of the United States upon appeal was as follows: "This cause came on to be heard on the transcript of the record from the Circuit Court of the

Goodenow v. Litchfield.

United States for the district of Iowa and was argued by counsel. On consideration whereof it is now here adjudged and decreed by this court that the decree of the said Circuit Court in this cause be, and the same is hereby affirmed with costs."

The defendant, Litchfield, was made a party defendant in the suit. He was then the owner of all the lands, the taxes upon which are now in controversy, and all of said lands were embraced in that action. It will thus be seen that the controversy in this action is between the same parties as that in the former suit.

In the opinion of the Supreme Court of the United States, it was distinctly held and determined that there could be no recovery by the plaintiff for the taxes paid. Counsel for appellant contends that the rights of the parties are to be determined by the decree, and as the decree is a simple affirmance of the decree of the Circuit Court, it follows that nothing was adjudicated but what was adjudicated by the Circuit Court. This position is not controverted by counsel for appellee, and we believe it to be well established that the judgment or decree of a court controls the written opinion, and if they are at variance the former controls and determines the rights of the parties. *Cooley v. Smith*, 17 Iowa, 99.

2. DECREE: controls opinion of court.

There is no contention between counsel for the respective parties as to the test by which to determine whether the matter in controversy has been adjudicated. The rule, as appears to be well stated by all the authorities, is, that where a former judgment or decree is relied upon as a bar to an action it must appear either by the record or by extrinsic evidence that the particular matter in controversy and sought to be concluded was necessarily tried and determined in the former action. *Packet Company v. Sickles*, 5 Wallace, 580; *Wood v. Jackson*, 5 Wend., 10; *Miles v. Caldwell*, 2 Wall., 35. It is also

3. FORMER adjudication: test of.

conceded that the burden of establishing the plea of former adjudication is upon the defendant. Now, while there is no room for controversy as to the above rules of law, the difficulty in this case, as it is in many of the cases found in the books, consists in determining whether the facts bring the case in hand within these rules. To properly determine this we must not only consider the decree but the whole record in the case. This being done we find that the plaintiff demanded reimbursement for the taxes paid, in case it should be found that the defendant had the better title. This was properly joined with the other equitable demand claiming title to the land. It was not as claimed by counsel a mere legal claim of which a court of equity had no jurisdiction. To determine plaintiff's claim for taxes paid necessarily involved the taking of an account of the amount due thereon. The defendant by answer claimed title to the land and denied the right of the plaintiff to recover for taxes paid for the reasons set forth in the answer. The respective parties by their stipulation submitted to the court two propositions or issues: "1st, as to the title to the land; and 2d, as to the right to reimbursement for the taxes paid." The very question was by these proceedings submitted for the determination of the court, just the same as the question of title. It was not submitted by mere inference, but the court was required to determine it by the issues submitted and by the express agreement of the parties. It follows if that question was determined by the decree it was an end of the controversy between these parties, whether the decree was right or wrong. The decree, as will be seen, dismisses the plaintiff's bill as to the *lands*, describing them. What was the bill? It was a claim that the plaintiff had title to the lands, or if not the title, then an equitable demand for certain taxes paid upon it, and the dismissal as to the lands was a dismissal of both claims made by the plaintiff. It will not do to say that it was a dismissal as to the title only. The decree when

*Margin note:* 4. ——: ——: rule applied.

it provides for a dismissal as to the land embraces all claims made in the bill upon the land or on account of the land, whether it be for title or reimbursement for taxes paid.

It is contended by counsel for appellant that the decree, if an adjudication at all, is only conclusive as to the taxes which had been paid prior to the commencement of the suit, in 1868. In other words that the decree is not an adjudication of the right to recover the taxes subsequently paid. The difficulty in maintaining this proposition is, that although the taxes in controversy were paid in the different years, the payment for all the years were made in the same right without any change of the relation of the parties, nor of the law governing their rights. In 2d Smith's Leading Cases, 789, it is said: "An adjudication by a competent tribunal is conclusive, not only in the proceeding in which it is announced, but in every other where the right or title is the same, although the cause of action may be different." In *Aurora v. Nest*, 7 Wall., 82, the adjudication relied upon was a judgment upon other coupons attached to the same bonds, and the court says: " It cannot be successfully denied that the cause of action in the former suit was the same as that in the pending suit, within the meaning of that requirement, as defined by cases of the highest authority. When the parties are the same, the legal effect of the former judgment as a bar is not impaired because the subject matter of the second suit is different, provided the second suit involves the same title and depends upon the same question." See, also, *Whittaker v. Johnson Co.*, 12 Iowa, 595. The case at bar appears to us to be fully within the rule of these authorities. The argument of the writer of the majority opinion in *The City of Davenport v. The C., R. I. & P. R. Co.*, 38 Iowa, 633, would seem to be contrary to the view herein expressed. But that case was a controversy between the taxing power to collect taxes levied in successive years, and it was held that a decree enjoining the collection of taxes levied in certain years was no bar to

*5. ——; new cause of action: rule applied.*

a recovery for levies in subsequent years.    One ground upon which the decision was placed was that the taxes in controversy were levied under a different act of the legislature. That was a direct proceeding by the taxing power to collect its revenues, and it may be well questioned whether any decree could operate upon future assessments and levies.    This is an action for an account to be taken of the amount of taxes paid by plaintiff upon defendant's land.    Permitting the defense of former adjudication to prevail in this case in no way interferes with the taxing power, as it would have done in the case cited.

Lastly, it is urged that as to part of the land the bill was dismissed without prejudice, and as the only evidence introduced was the stipulation that the amount of taxes paid was $2,000, there is no showing upon what part of the land the same was paid.    It is claimed if it was paid on the land as to which the bill was dismissed without prejudice, there was no adjudication.    But the plaintiff (the Homestead Company), averred payment of taxes upon "the lands" described in the petition, which means all the lands.    And the stipulation recites generally that the amount of taxes paid was $2,000.    This leaves it to be plainly inferred that payment was made on all the lands.

6. ――― : dismissal without prejudice in part.

We think the foregoing discussion disposes of all questions necessary to a disposition of this case, and we unite in the conclusion that the decree of the Circuit Court should be.

AFFIRMED.

ON REHEARING.

SEEVERS, CH. J.—I.    On the petition of the plaintiff a rehearing was granted to the end we might again examine the question determined in the foregoing opinion.    Such questions have been ably argued by counsel and in relation thereto we desire to say:

Previous to bringing the action referred to in the forgoing opinion, and reported in 17 Wall., 153, the plaintiff's assignor

paid certain taxes on the lands in controversy in the action. If it was held the plaintiff in said action could not recover the lands, then as alternative relief the plaintiff asked judgment for the taxes so paid. The object of this action in part is to recover the same taxes, that is those paid before bringing the former action. The right to recover is placed, as we think, on precisely the same grounds in this as in the former action. The only allegation made now that was not made then is that the taxes were paid in good faith, under the belief the Homestead Company owned the land and was therefore legally bound to pay the taxes. But it is evident such good faith and belief must have existed when the payments were made, and if material such facts should have been alleged and established in the former action. The defense in such action was that said taxes had been voluntarily paid. This defense was sustained. The same defense is relied on now. As to the taxes paid before the commencement of the prior action the adjudication then must be regarded as an estoppel and bar to a recovery in this action.

7. FORMER ADJUDICATION: effect of.

While counsel for the plaintiff does not concede the correctness of the foregoing he earnestly contends such cannot be the rule as to the taxes paid subsequent to the former action. That question will now be considered.

II. The prior action was commenced in 1868 and was not determined by the Supreme Court of the United States until 1872. The plaintiff's assignor paid the taxes for the years 1868 to 1871 inclusive, and it is sought to recover the money so paid in this action. Counsel on both sides have cited a large number of cases as bearing upon the question as to what constitutes an adjudication that will estop the parties from again litigating the question determined in another action. There is no real conflict in the cases thus cited. The real difficulty is to ascertain whether the case is brought within the adjudicated cases and the rules established as to

what constitutes an estoppel when a prior judgment is pleaded in bar.

Counsel for the plaintiff insist each payment of taxes for each year constitute a separate and distinct transaction or cause of action, and therefore an adjudication as to the taxes paid in one year cannot estop or have any bearing upon the right to recover for taxes paid in a subsequent year. It is said a levy of taxes must be made for each year and that as payments are made at different times and may be predicated on different and distinct rights, therefore the right to recover for one payment can in no manner be affected by an adjudication made as to some other year and payments. This, we think, may ordinarily be so, and in *The City of Daven- port v. C., R. I. & P. R. Co.*, cited in the foregoing opinion, it was said in argument that taxes for each year constitute separate causes of action. It is conceded in the foregoing opinion this was in conflict with the views therein expressed. Reflection has satisfied us this concession should not have been made, for the reason no such conflict in fact exists.

It is undoubtedly true that the taxes of each year ordinarily constitute separate and distinct rights or causes of action. But where an action is brought to recover taxes paid in one year, and an action is afterward brought to recover for the taxes paid in a subsequent year, and the adjudication in the first is pleaded as a bar to the recovery in the second action, the question whether the estoppel is effectual will depend upon the issues in the two actions.

If the right to recover and defense thereto are based upon precisely the same ground, why litigate again the question that has been determined. In such case the very right of the matter has been determined by a court of competent jurisdiction. It is not essential the causes of action should be the same, but it is essential the right or title should be. That is, the issue in both actions and the matter on which the estoppel depends must

3. ———: successive causes of action.

be the same or substantially so. The very matter or thing which it is sought to litigate must have been adjudicated in the prior action. In such case the bar or estoppel is complete. This rule will not, we think, be disputed. Therefore authorities are not required in its support, but see *Merriam v. Whittemore*, 5 Gray, 316. No point is made in this, nor was there in the prior actions, that there was no assessment or levy of the taxes. Nor was there any question as to the payments made by the plaintiff's assignor in the former action, and there is none now as to the payments made for subsequent years. In fact in the former action and in this the right to recover is conceded, unless the payments were voluntary and therefore no recovery could be had. This identical question was determined by the Supreme Court of the

9. ___: ___: United States in the case cited in the foregoing
rule applied. opinion, that is, said court determined the payments made by the plaintiff's assignor were voluntary and therefore no recovery could be had. Now it will be conceded such adjudication had reference only to the taxes paid prior to 1868, and that plaintiff's assignor could not have recovered in the action the taxes subsequently paid.

But it conclusively appears, we think, the subsequent payments were made under the same claim of right as those previously made. There is no difference in the circumstances under which the payments were made as contemplated and adjudged by the Supreme Court of the United States. It was said by that court the right to recover was based on the ground the taxes were paid "in good faith and in ignorance of the law." That is all that is claimed as to the subsequent taxes. The very right of the present litigation has been determined by a court of competent jurisdiction and therefore it cannot be again litigated. Many cases may be supposed which have more or less bearing on the case at bar. But as to all of them it can justly be said, if the right and title upon which the right to recover depends has been put in issue, and been determined, the same right and title cannot·be liti-

gated again between the same parties in another action.   But if the right and title has not been adjudicated then no bar or estoppel is created.   It may be supposed in this case the Supreme Court of the United States might have held the payments made were not voluntary and a recovery could be had.   Now, in an action between the same parties to recover taxes paid for subsequent years, the defendant could not have again litigated the question of voluntary payment, unless he could show the circumstances under which they were made were different from those under which the prior payments were made.   So here, as has been said, all the payments were made under the same claim of right.   It may possibly be claimed *Goodnow v. Moulton*, 51 Iowa, 555, is based on the thought the taxes were paid at the land owner's request. That there was no express request must be conceded.   Now, it may be where taxes are paid because of such a request an adjudication that there could be no recovery for the taxes so paid would not bar a recovery for taxes paid for subsequent years under a similar request.   But in the case at bar the request must be implied by law, and when this is attempted it is found the payments for each year were made under precisely the same circumstances, and that it has been adjudicated, no such request can be implied.   It seems to us this must end the controversy, because the subject-matter or right to recover in both actions is precisely the same, and that is, can or will the law imply a request from the land-owner? We regret this result as in the absence of the estoppel we reached the conclusion the plaintiff was entitled to recover. *Goodnow v. Moulton*, 51 Iowa, 555.

III.   The defendant filed a reply to the petition for a rehearing as contemplated by statute.   The plaintiff could not **10. PRACTICE IN SUPREME COURT: objection too late.** as a matter of right file any further argument. Such an argument, however, was in fact filed in which for the first time it is suggested the Federal Courts did not have jurisdiction in the prior action, and therefore the adjudication pleaded as an estoppel is abso-

lutely void. The defendant insists this point is made too late. With much force the defendant insists, as no such point was made below, the abstract was not prepared with reference to such question, and he insists there is matter of record below which will clearly show the Federal Courts had jurisdiction. The plaintiff attempts to meet this objection by putting as a part of a still later argument filed by him what he claims are the omitted portions of the record below. We feel constrained to hold that after a cause has been submitted, determined, and a rehearing granted, it is too late to raise for the first time such a vital question as that now made in an argument filed in aid of the petition for a rehearing, the same not being filed as a matter of right, but simply as a matter of grace and favor of the court. The former opinion is

ADHERED TO.

ADAMS, J., *dissenting.*—The circumstances under which the taxes were paid in this case were substantially the same as those under which the taxes were paid in *Goodnow v. Moulton,* 51 Iowa, 555. In that case a recovery for the payment was allowed upon the ground that the circumstances were such as to justify the court in holding that the payment was made at the land owner's request. The payments then in the case at bar were made at the land owner's request, and there is no question but that the plaintiff is entitled to recover unless he is barred by a prior adjudication. It is not to be denied that a claim was made in *Homestead Co. v. Valley R. R. Co.,* 17 Wall., 153, to recover for a portion of the payments, and through inadvertence or a mistaken view of the law the recovery was denied. So far as the recovery for those payments is concerned, however unfortunate it may be for the plaintiff, we feel obliged to hold that the prior adjudication constitutes a bar. But we are not obliged to hold, and this court does not hold, that whoever pays taxes for a land owner, at the land owner's request, cannot recover for such payment. The ruling of the Supreme Court of the

United States upon such a question if wrong will not be followed by this court. See *Goodnow v. Moulton*, above cited. But the majority of this court does hold—and, in this, I think it commits a grave error—that where a person pays taxes for a land owner at his request, and brings an action to recover for the payment and recovery is denied, and afterwards the person pays other taxes for the land owner at his request and brings an action to recover for the second payment, recovery must be denied because recovery for the first payment was denied, and that too when it is conceded that the court erred in denying recovery for the first payment. The great learning and ability of the Supreme Court of the United States entitle its decisions to great weight and authority, but the effect of one of its decisions as a prior adjudication cannot be extended a hair's breadth beyond that of a like decision made by the lowest court known to the law. The case before us is not different from what it would be if the defendant had set up as a prior adjudication the decision of a justice of the peace. If a person should pay taxes for a land owner at his request and should bring an action to recover for the payment before a justice of the peace, and recovery should be denied, and afterward the person should pay other taxes for the land owner at his request, and bring an action to recover for the payment in the Circuit or District Court, and such court should hold that the action was barred by the adjudication in the former action, would this court sustain such a ruling? It seems clear that it would not. The reason is that there would be no common adjudicate act or subject-matter. The only common point of adjudication would be the rule of law. But such adjudication does not constitute a prior adjudication in the sense in which the words are used as constituting a bar. Nor would the case be different if the taxes paid were taxes upon the same land. The payments would be absolutely distinct transactions and could not be more so, so far as any legal right is concerned, if the taxes first paid had been upon one tract of land and the

taxes afterward paid had been upon a different tract. Suppose a person should perform labor for a land owner in harvesting grain upon certain land at the request of the land owner, but without any express agreement on the part of the land owner to pay for the labor, and the laborer should bring an action to recover for the labor, and a recovery should be denied on the ground that no implied agreement arose, or upon the ground that no recovery could be had upon an implied agreement, and the next year the laborer should perform like labor under like circumstances upon the same land, and bring an action to recover, would the decision in the former action constitute a prior adjudication, because the land was the same? Evidently not. Suppose a person should commit a trespass upon land by destroying the land owner's field of grain and the land owner should bring an action to recover the damages sustained and a recovery should be denied on the ground that the acts of the defendant did not constitute a tort, or on the ground that no recovery could be had for a tort, and the next year the defendant should destroy another field of grain of the same kind upon the same land, and the land owner should bring an action to recover, would the decision in the former action constitute a prior adjudication, because the land was the same? Evidently not. The title to the land not being drawn in question, there would be no common adjudicated fact or subject-matter. The only matter in controversy common to both actions would be the rule of law. So in the action at bar, and in the action, the decision in which is pleaded as a prior adjudication, there is no common fact or subject-matter. The title to the land is not in controversy. The payments were made in different years, and are of different taxes. The only matter in controversy common to both actions is the rule of law. A very large number of authorities are cited by counsel for the defendant; but in every one of them there was a common fact or common subject-matter drawn in controversy as distinguished from a mere rule of law. The majority cite one

case, *Merriam v. Whittemore*, 5 Gray, 316. But in that case there was a common subject-matter drawn in contro versy, and that was a certificate of discharge. In the former action it was held to be valid. In the second action between the same parties the validity of the identical certificate was drawn in issue again. The court very properly refused to make another adjudication respecting the certificate, and held the first adjudication conclusive. If an action should be brought to recover for interest on a promissory note, and the validity of the note should be drawn in issue and adjudicated, and afterward an action should be brought to recover the principal, it is manifest that as between the same parties the validity of the note could not be properly drawn in issue and adjudicated again. But an adjudication upon one promissory note would not necessarily be adjudication upon another, though of the same terms. It would be so only when the validity of the two notes depended upon a common fact as distinguished from a common rule of law.

In my opinion the plaintiff is entitled to recover for all payments made subsequent to the bringing of the first action and not embraced therein.

Mr. Justice DAY concurs with me in this dissent.