Foster *v.* Konkright *et al.*

---

FOSTER *v.* KONKRIGHT ET AL.

FORMER ADJUDICATION.—*Breach of Warranty.—Promissory Note.—Pleading.*—Where, in an action on one of several promissory notes executed for the purchase-money of a chattel, a breach of warranty is set up as a defence, the same breach is not a defence to a subsequent action on another of such notes; and, if it be again so pleaded, such former adjudication may be replied.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood*, for appellant.

*E. C. Field*, for appellees.

SCOTT, J.—The appellant sued the appellees on a promissory note dated August 2d, 1869, due in two years, and for the sum of two hundred and twenty-five dollars.

Answer, that the note, with others, was given for the purchase-money of a threshing machine, and that there was a warranty, and alleging a breach of the warranty, and that the machine was wholly worthless.

Reply in four paragraphs : First, general denial. The second, third and fourth paragraphs set out, with more or less particularity, that all the matters pleaded as a defence to the note sued on in this action were pleaded in a former action and passed on and fully adjudicated in the former trial. A demurrer was sustained to the reply, and exception taken to this ruling, by the appellant. There was a trial by jury, and verdict for the appellees, and judgment on the verdict.

A single question is presented in this court, the sufficiency of the reply.

The second paragraph of the reply is as follows :

" The plaintiff, for a second reply to the first answer of the defendants, says, that all the facts, matters and things, alleged in each of said answers, have been fully and completely heretofore adjudicated, in a certain action wherein the plaintiff was E. Ball & Company, and defendants same as herein, upon a certain promissory note bearing the same date, with the same amount, and for the same consideration, and executed by the same parties defendants as the note in suit; and it is executed, with the note in suit, to said E. Ball & Company, for a threshing machine known as the Tornado Thresher, and said E. Ball & Company was at the time of the trial of said cause the owner of the note in suit, and was the owner thereof for a long time thereafter, which was not then due, and, when said note first sued became due, said E. Ball & Company commenced suit thereon in the May term of the common

pleas court, 1871, against the said defendants, and they made then, to said action in said court, upon said note, the identical defence, setting forth the identical same facts, charges, allegations, circumstances, warranty, damages and set-off as now contained in and set forth in the said defendants' first paragraph of answer, and said facts, allegations, warranty, damages and set-off were fully tried, adjudicated and allowed the defendants in the action aforesaid in said court, and the plaintiff purchased the note in the present suit, about two years after the trial on said other suit, and then got possession of the same, and said judgment still remains in full force and effect, being unreversed and undisturbed in any manner whatever, and said judgment may be found on order book ——, page ——, of said common pleas court, and the full and complete transcript of said judgment and all the proceedings are filed herewith and made a part hereof, and that the said note in suit was assigned to the plaintiff after said suit was fully determined. The plaintiff says that said defence is fully barred in said action, and he demands judgment."

The third paragraph of the reply was substantially the same as the second paragraph, but was addressed to the second paragraph of the answer.

If the appellees had elected to pay the notes, and had brought their action for a breach of the warranty, they would have been concluded by an action thereon, whether they had claimed or recovered all they were damaged or not. They could not have brought and maintained separate actions for damages growing out of the breach of the warranty. *Crosby* v. *Jeroloman,* 37 Ind. 264; *Turner* v. *Allen,* 66 Ind. 252.

We think the same rule prevails where the cause of action is on a breach of warranty, and is pleaded as a defence to a suit on a note given for the purchase-money

of property. If more than one note is given, and suit be brought on the first, the purchaser may set up the breach of the warranty as against the note sued on, and he may claim a judgment over; and, if he do so, the judgment thereon will be a bar to any further defence to the remaining note or notes ; for all the damages sustained by reason of the breach of warranty will be presumed to have been passed on under the issue thus made.

We are of opinion that the court erred in sustaining the demurrer to the second and third paragraphs of the reply.

The judgment is reversed, at the costs of the appellees; cause remanded, with instructions to the circuit court to overrule the demurrer to the second and third paragraphs of the reply, and for further proceedings not inconsistent with this opinion.