JOHN FURNEAUX v. THE FIRST NATIONAL BANK OF WHITEWATER, WISCONSIN.

NOTE—*Action—Defense—Res Judicata.* Where a defense is made to an action on a promissory note that was given in part payment of the purchase of machinery, and other notes were given as a part of the same transaction and for the same consideration, a defense to one of these notes must be conclusive as to all, and as long as the judgment stands unreversed, a party cannot be heard to again urge that defense.

*Error from Brown District Court.*

THE opinion states the case. Judgment for the plaintiff *Bank,* at the January term, 1886. The defendant *Furneaux* brings the case here.

*W. D. Webb,* for plaintiff in error.

*Jas. Falloon,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action on a promissory note, brought by the First National Bank of Whitewater, Wisconsin, against John Furneaux, upon a note executed by Furneaux to Esterly & Son, and by them indorsed and transferred to the plaintiff, defendant in error. The execution of the note was admitted by the defendant, and in answer he alleged that this note was given in part payment for a harvester and twine binder purchased of Esterly & Son; that said harvester was the sole and only consideration for said note, and was purchased under a warranty given by said Esterly & Son, by which it was warranted to be of good material, and would, if properly handled, do good work; and in case of failure to do good work, defendant was to notify the agents through whom it was purchased of that fact, and upon the receipt of said note they were to either repair and put said harvester in good working order, so that it would do good work, or if the said machine failed thereafter, then it was to be returned by defendant to the agents, and a new machine was to be furnished in its place, or the notes given in payment

therefor were to be returned. Defendant. alleged that the machine was of poor material and would not perform good work, and was wholly worthless, and that he notified Esterly & Son and said agents of that fact, and they attempted to repair said machine, but it failed to do and perform as warranted, and that it was thereafter returned, according to said contract; but that said Esterly & Son and said agents refused to surrender the notes or furnish a new machine; that by reason of said failure the consideration of the notes wholly failed. Defendant also alleged that plaintiff received said note from Esterly & Son after maturity, and with a full knowledge of all the facts. In reply, among other things, the plaintiff alledged that the note in controversy was one of a series of three notes executed by defendant to Esterly & Son for the purchase of a harvester and twine binder, as alleged in defendant's answer; that when the first of these notes became due it was not paid, and suit was brought thereon by Esterly & Son in the district court of Brown county, Kansas; that in said action defendant alleged and set out the same want of consideration, and the same warranty, and the same defect in the harvester and binder, and made identically the same defense as in this action, and plaintiff alleged that said former adjudication was a complete bar to the defense alleged and set out in this action. Thereupon, and upon agreement, the action was submitted to the court without a jury upon the question of *res judicata,* and in support of the reply the files of the said former action were offered in evidence, being the petition, answer and judgment, which showed that the same defense alleged and set out in this action was alleged and set out in defense of the action brought by Esterly & Son against the defendant upon the first note of the series of notes executed in payment of said harvester, and that said judgment was rendered in favor of Esterly & Son and against the defendant for the amount of said note. Upon the evidence the court found that the former judgment was a complete bar to this action, and rendered judgment for the plaintiff for the amount of said note and interest.

The defendant now insists that this was error, for the rea-

son that said action was not a bar; that to constitute a bar the subject of the action must be the same as well as the parties, and as this was an action upon a different promissory note, and between different parties, therefore defendant was not barred from pleading the same defense.    In this we think the defendant is mistaken.    It is true that the plaintiff's answer does not show when the transfer of this note was made, whether before or after the former adjudication, but the defendant in his answer alleged that it was received by the plaintiff, or transferred by Esterly & Son to the plaintiff, after the maturity of the note.    Taking the allegations of the defendant with the proofs, it must be held that this note was received by plaintiff from Esterly & Son after the former adjudication, or at least after the note became due.    The plaintiff then stood in the same relation to the defendant in this action as though the suit had been brought by Esterly & Son, and he had the right to make the same defense to the answer that they could have made.    Where a party makes a defense to an action on a note that was given in part payment of the purchase-price of machinery, and other notes were given as a part of the same transaction and for the same consideration, a defense to one of these notes must be conclusive as to all.    As long as the judgment stands unreversed a party cannot be heard again to urge that defense.    He has had his day in court; has had his grievances passed upon by a tribunal, and such decision is final. (*Foster v. Konkright,* 70 Ind. 123; *Guest v. City of Brooklyn,* 79 N. Y. 624; *Machine Co. v. Farmer,* 27 Minn. 428; *Danziger v. Williams,* 91 Pa. St. 234; *Hanna v. Read,* 102 Ill. 596; *Whitaker v. Hawley,* 30 Kas. 317, 326, 327; Freeman on Judgments, § 249.)

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.