THE CITY OF GARDEN CITY v. THE MERCHANTS' AND
   FARMERS' NATIONAL BANK OF DANVILLE, NEW
   YORK.

**No. 12,722.**   (69 Pac. 325.)

SYLLABUS BY THE COURT.

MUNICIPAL BONDS—*Action on Coupons—Res Judicata.* A final
   judgment for the plaintiff in an action against a city to recover on
   coupons which had been attached to bonds purporting to have
   been issued by the city, where the defenses were that the bonds
   were not duly executed nor issued for a lawful purpose and were
   not a valid indebtedness of the city, is a bar to the reopening and
   reconsideration of the same defenses in a subsequent action be-
   tween the same parties on other coupons attached to the same
   bonds.

Error from Finney district court; WM. EASTON
HUTCHISON, judge.   Opinion filed July 5, 1902.   Af-
firmed.

*J. L. Seeds,* city attorney, and *Miller & Hoskinson,*
for plaintiff in error.

*John H. Atwood,* and *William W. Hooper,* for de-
fendant in error.

The opinion of the court was delivered by

JOHNSTON, J. :  This was an action by the Merchants'
and Farmers' National Bank of Danville, New York,
to recover from the city of Garden City on interest cou-
pons which had been detached from refunding bonds
previously issued by the city.  The defense was that the
bonds were invalid, because they were issued to take
up an indebtedness incurred for the erection of a mill
which was a private enterprise, and also because the
officers executing them had no authority to do so.   In
reply to this defense, the bank, among other things,

alleged that, in another action between the same parties upon other interest coupons which had been attached to the same bonds, the same defenses had been set up by the city in the same court, and the same issues joined as in the present action; that judgment was rendered in that action in favor of the bank, sustaining the validity of the bonds; and that, as the matters in litigation had been fully adjudicated, the city was estopped from making the same defense and from further litigating the same matters and issues. A motion to strike out this part of the reply was overruled, and, as the testimony in the case conclusively established a former adjudication on the issues presented in the present action, the court held that the city was estopped further to prosecute its defense, and directed a verdict in favor of the bank.

The funding bonds in controversy were issued in pursuance of chapter 50 of the Laws of 1879, and contain full recitals showing that all the prerequisites to the regular issuance of the bonds had been complied with, and that they were regularly and honestly issued by the officers of the city. They were purchased on the open market by the bank, without knowledge of any irregularities or defects in their issuance.

As an original proposition, the bonds appear to be valid and binding obligations in the hands of the bank, which was an innocent purchaser ( *The State v. Wichita County*, 62 Kan. 494, 64 Pac. 45 ); but every objection now made to their validity was made and adjudicated in the first action, and, as the judgment then rendered was final and unreversed, the same matters are not open to another inquiry in another action between the same parties.

"When a matter is once adjudicated it is conclusively determined between the same parties and their

privies, as to all matters which were or might have been litigated, and this determination is binding as an estoppel in all other actions, whether commenced before or after the action in which the adjudication was made." (*S. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 Kan. 767, 29 Pac. 96; *Hoisington, Sheriff, v. Brakey*, 31 id. 560, 3 Pac. 353; *Boyd v. Huffaker*, 40 id. 634, 20 Pac. 459; *Shepard v. Stockham*, 45 id. 244, 25 Pac. 559; *Sanford v. Oberlin College*, 50 id. 342, 31 Pac. 1089; *McDowell v. Gibson*, 58 id. 607, 50 Pac. 870.)

The main defenses in the original action were that the bonds were signed by the president of the city council, as acting mayor, without right or authority; that they were issued for a private purpose, and, therefore, did not constitute a valid indebtedness of the city; and that the bank knew, or should have known, of the defects and irregularities in the execution of the bonds.    In that proceeding the court found that the bank was an innocent purchaser for a valid consideration, without notice of any defects; that there was a vacancy in the office of mayor of the city when the bonds were issued; that C. J. Powers, who signed the bonds, was then president of the city council and acting mayor of the city, and was a proper officer to execute the refunding bonds; and, further, that the bonds were regularly issued, and were valid obligations of the city.    These matters were brought directly in issue by the pleadings, and precisely the same defenses were set up and sought to be established in the present action.    There is the identity of parties, issues and purposes necessary to a bar under the doctrine of *res judicata*, and, as the judgment in the former proceeding was pronounced by a court of competent jurisdiction, it is a bar not only as to any further dispute as to facts, but also as to any further consideration of the law bearing on the case.

It is contended that there is a lack of identity as to the cause of action, because the action in this case is brought on different coupons from those that were sued on in the former case. Both actions, however, were brought to recover interest on the same debt. The coupons had all been attached to the same bonds, and in each case the right of recovery depended on the validity of the bonds from which the coupons were detached.

In *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, supra, it was held that the rule of *res judicata* applies as well to the facts settled and adjudicated as to causes of action. In *Furneaux v. National Bank*, 39 Kan. 144, 17 Pac. 854, 7 Am. St. Rep. 541, it was held that where a party makes a defense to an action on a note that was given for the purchase of machinery, and other notes were given as a part of the same transaction and for the same consideration, a judgment based on a defense made on the first of the notes is conclusive as to all the other notes. In *Bissell v. Spring Valley Township*, 124 U. S. 225, 8 Sup. Ct. 495, 31 L. Ed. 411, there was an adjudication on coupons of municipal bonds, where the defense was that the municipality never executed the bonds and that the bonds were not its obligations. This adjudication was held to be conclusive in a subsequent action brought by the same party on different coupons of the same bonds. See, also, *Southern Pacific Railr'd v. United States*, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355; *Whittaker v. Johnson County*, 12 Iowa, 595.

As the facts and the law brought in question here have been fully adjudicated between the parties, the city is precluded from attempting to show anything contrary to the determination first made. This view practically disposes of all that is meritorious in the

Hill v. Honeywell.

case.  There is nothing substantial in the objections to rulings on the testimony, and nothing is found which affords ground for reversal.

The judgment is affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.