ROBERT REW, Appellant, v. THE INDEPENDENT SCHOOL
DISTRICT OF SIOUX CITY.

**School township bonds:** ADJUDICATION: ISSUES OF LAW. The judgment of a federal court, based on the legal conclusion that a school district is estopped, by the recitals in its bonds, from setting up certain defenses in a suit on the coupons attached to the bonds, is an adjudication of the same defenses in a state court in an action between the same parties on the bonds.

**Interest:** COMPUTATION FROM MATURITY OF CONTRACT. While the rate of interest provided in a contract continues after maturity, a stipulation as to semiannual computations thereof has no application after its maturity in the absence of an express agreement to that effect, notwithstanding the provisions of Code, section 3039.

**Appeal:** DIRECTION FOR ENTRY OF JUDGMENT. Where the facts are sufficiently found by the trial court, and the judgment reached is an erroneous application of the law, the appellate court, on reversal, may direct the lower court to enter judgment without retrial.

*Appeal from Woodbury District Court.*— HON. FRANK R. GAYNOR, Judge.

TUESDAY, MARCH 15, 1904.

ACTION to recover the amount due on 10 negotiable bonds issued in 1880 by the district township of Sioux City, for $1,000 each, and made payable to the order of Ogilvie C. Tredway. The district township of Sioux City was at the time such bonds were issued, and until the year 1890 continued to be, a school township, but was in that year added to and incorporated into the defendant, the Independent School District of Sioux City, and ceased to exist, and the defendant succeeded to all its territory, assets, and liabilities. Plaintiff became the owner of these bonds for a valuable consideration, after maturity, acquiring them from persons to whom they had been transferred before maturity by said

Tredway, the payee, for value, and without notice of any defense thereto.

The defense interposed was that, while the bonds purport to be issued for the purpose of refunding valid indebtedness against the district township in accordance with the provisions of chapter 51, page 43, of the Acts of the Eighteenth General Assembly, and contain recitals which, if true, would render them valid, as a matter of fact the valid indebtedness of the district township was in amount less than $1,000; and that no part of the proceeds realized from the sale of the bonds was used in the payment of any judgment indebtedness; and that the district township was at the time indebted to the constitutional limit, and could not lawfully issue bonds, save for the purpose of refunding valid indebtedness.

By way of reply, plaintiff pleaded an adjudication in the circuit court of the United States between the same parties in an action on certain interest coupons executed and transferred as a part of the transaction in which the bonds were executed and transferred, and attached to such bonds, in which suit it was adjudged that the coupons were valid obligations of the school district; and that the defenses interposed in this action, which were also interposed in the Circuit Court of the United States in that action, were not good, and judgment was rendered in favor of this plaintiff and against this defendant for the recovery of the amount called for by such coupons. The lower court found against plaintiff on the estoppel pleaded in his reply and in favor of the defendant on the matters of defense interposed, and rendered judgment for the defendant, from which judgment the plaintiff appeals.— *Reversed.*

*Hubbard & Burgess,* for appellant.

*Marks & Mould,* for appellee.

McClain, J.— The principal question for determination on this appeal is whether the judgment of the Circuit Court of the United States in favor of plaintiff in his action on the interest coupons executed and transferred in connection with and as a part of these bonds constituted an estoppel as against the defendant to interpose defenses to the bonds which were interposed in the federal court in the action on the coupons, and which were adjudged in that court to be insufficient; for, although the appellant contends that such defenses would have been insufficient if interposed by the defendant for the first time in the State court, there is some countenance, at least, in our previous decisions for the contention of appellee, that on the merits of the defenses interposed the decision in the lower court should have been for the appellee, and we will therefore proceed to consider the correctness of the conclusion reached by the lower court as to the estoppel pleaded by plaintiff.

1. Adjudication: issues of law.

The action in the federal court, in which judgment was finally rendered for plaintiff on the coupons, was originally brought on the bonds and coupons, each bond and the coupons attached thereto being set up as an independent cause of action in a separate count of the petition. The defendant pleaded in abatement to the various causes of action thus set up that the bonds, being assignable instruments made by a corporation, not payable to bearer, could not be sued on in the federal court by this plaintiff, inasmuch as such an action could not have been maintained thereon by the original payee (see Act Congress, Aug. 13, 1888, chapter 866, 25 Stat. 434 [U. S. Comp. St. 1901, page 508]), and the federal court held that this plea in abatement was good so far as the bonds themselves were concerned, but was not good as to the coupons which were payable to bearer, and were therefore within the express exception of the act of Congress just referred to, and the federal court dismissed the action so far as it was founded upon the bonds, but retained jurisdiction thereof as to the coupons, and rendered a judgment

for the plaintiff which on appeal to the Circuit Court of Appeals was affirmed. *Independent School District v. Rew,* 111 Fed. Rep. 1 (49 C. C. A. 198; 55 L. R. A. 364).

It is not necessary to make an elaborate citation of authorities in support of the general proposition that the decision of a court having jurisdiction of the parties and subject-matter is conclusive in another court in an action between the same parties, not only as to the same cause of action, but as to other causes of action involving the right or title asserted and the defenses interposed in the court in which such decision was rendered (see *Watson v. Richardson,* 110 Iowa, 698, and cases therein cited), and this proposition of law has frequently and uniformly been applied to successive actions on different corporate bonds of the same issue, and to separate actions on such bonds and the coupons executed in connection therewith, and as a part thereof. *Whitaker v. Johnson County,* 12 Iowa, 595; *Aurora City v. West,* 7 Wall. 82 (19 L. Ed. 42); *Garden City v. Merchants' & Farmers' National Bank,* 65 Kan. 345 (69 Pac. Rep. 325); *Mayor, etc., v. Baker,* 51 N. J. Ch. 49 (26 Atl. Rep. 324). Nor is the binding effect of the previous adjudication limited to those matters which are expressly determined in the final judgment, but it covers also matters collaterally involved, which are necessarily determined in reaching the final judgment. *National Foundry Works v. Oconto Water Supply Company,* 183 U. S. 216, 234 (22 Sup. Ct. 111, 46 L. Ed. 157); *Ætna L. Ins. Co. v. Board of Commissioners,* 117 Fed. Rep. 82 (54 C. C. A. 468).

Counsel for appellee contend, however, that there are three elements in this case which were not in the case on the coupons decided in the federal court, to-wit, notice to the purchaser, failure of consideration, and unconstitutionality of the statute under which the bonds were issued. As to the unconstitutionality of the statute, it is sufficient to say that the decision of the lower court was not predicated on that ground, for it was found as a matter of law that the statute

was constitutional, and, as there is no appeal from that ruling, its correctness is not before us. As we understand counsel, they do not contend that a statute authorizing the refunding of valid indebtedness by a municipal corporation already indebted to the constitutional limit is unconstitutional, but only contend that, as applied to a case where the proceeds of the bonds are not used to extinguish valid indebtedness, and the result, in effect, is that the indebtedness of the corporation is acutally increased, such statute is unconstitutional. Their contention therefore amounts to this: that because the proceeds of the bonds were not applied to the extinguishment of a valid indebtedness the bonds were invalid, and this question was presented to the federal court in the action on the coupons, and was necessarily determined by it.

The questions of notice and want of consideration were presented to the federal court by proper pleading, in which the facts on which those defenses are predicated were sufficiently stated and relied on; but the conclusion was reached, both by the circuit judge who tried the case and by the Circuit Court of Appeals which reviewed his decision that these facts were immaterial, because the corporation was estopped by the recital in the bonds that they were issued in pursuance of the refunding statute, and that, in connection with the issuance of the bonds, a resolution was passed by the board of directors of the district township which is referred to in the bonds declaring the existence of judgments against the district township for the payment of which the bonds were authorized to be issued. See *Independent District v. Rew,* 111 Fed. Rep. 1 (49 C. C. A. 198; 55 L. R. A. 364). Therefore it appears that the federal court in the action on the coupons determined conclusively for that case the legal effect of the facts as to notice and want of consideration, holding that the purchaser of the bonds and coupons was not bound to take notice of the fact that there was no valid judgment indebtedness of the district township for

which the bonds could properly be issued, and that the defendant was estopped from interposing such defense.

The ultimate contention of counsel for appellee is, however, that the conclusion of the federal court as to the effect of the recital in the bonds was a mere conclusion of law, and not the determination of a question of fact; and that, while such adjudication is conclusive as to issues of fact presented, it is not binding in a subsequent case as to the conclusions of law reached. But the authorities relied upon do not support this contention. We are referred to *Cromwell v. Sac County,* 94 U. S. 351 (24 L. Ed. 195), but the holding in that case was that a judgment in favor of the corporation in an action brought in the State court on certain coupons attached to municipal bonds did not involve the question whether the holders were purchasers for value; that the defense interposed in the case in the State court was a good defense only as to a holder who had not paid value, and that in a subsequent action on other coupons, the holder might show that he was a holder for value without notice, and thus recover, notwithstanding the decision in the previous case. The conclusion of the court is based on the finding that a new question affecting the right of recovery on the coupons was presented in the second case which was not adjudicated in the first. The case of *Nesbit v. Independent School District,* 144 U. S. 610 (12 Sup. Ct. 746; 36 L. Ed. 562), is also relied upon, but is subject to the same explanation, for the court therein holds that the judgment in a former action between the same parties on a different cause of action is an estoppel only as to the point or question actually litigated and determined, and not as to other matters which might have been litigated and determined. The difference between the doctrine announced in those two cases and that relied upon by appellant here is that in those cases, the successive actions not being upon the same identical cause of action, the conclusion reached was binding upon the parties only as to questions litigated, and not as to ques-

tions not presented, while the contention here is that, although the subject-matter was different, the same questions were presented for adjudication in the second case as had been presented and decided in the first.

The claim that a mere conclusion of law announced by one court with reference to a matter before it is not binding in a subsequent suit between the same parties involving the same matter is plausible only under a superficial conception of the principle of *res judicata*. It is not the finding of facts which constitutes an adjudication, but it is the conclusion of the court as to the effect of those facts determined as matter of law. It is the determination of the issues presented which constitutes the adjudication. That determination may consist principally of findings of fact which lead to the result reached on rules of law which are not disputed as between the parties, or it may consist of conclusions as to disputed questions of law as applied to facts about which there is no controversy leading to the result announced. Every judgment necessarily involves the application of principles of law to the facts of the case. The dispute between the parties may be as to the facts, or as to the law, or as to both, but the judgment is conclusive as to the entire matter involved, that is, as to the case presented, and not simply as to the particular question in regard to which the parties are in controversy. The federal court decided that the recitals in the bonds estopped the defendant from showing by way of defense that there were no valid judgments which the proceeds of these bonds were or could have been used to extinguish. It therefore determined that the coupons constituted a valid indebtedness notwithstanding the falsity in the recitals. The case brought in the State court involved the identical facts presented to the Federal court, and the State court is precluded from reaching a different result as between the same parties on the same state of facts. *Bissell v. Spring Valley Township,* 124 U. S. 225 (8 Sup. Ct. 495; 31 L. Ed. 411); *Linton v. National*

*L. Ins. Co.,* 104 Fed. Rep. 584 (44 C. C. A. 54); *Mayor, etc., v. Baker,* 51 N. J. Ch. 49 (26 Atl. Rep. 324); *Southern Pacific R. Co. v. U. S.,* 168 U. S. 1, 48 (18 Sup. Ct. 18, 42 L. Ed. 355); *United States v. California & Oregon Land Co.,* 24 Sup. Ct. 266 (48 L. Ed. —). ·

The Supreme Court of the United States has recently passed upon this question in *Deposit Bank v. Board of Councilmen,* 24 Sup. Ct. 154 (48 L. Ed. —), in which case it is held that a decree of a federal court enjoining the collection of certain taxes based upon an adjudication in the State court between the same parties as to similar taxes for a different year was binding in a subsequent suit between the same parties in the State court with relation to the same taxes, although the original decision in the State court had been subsequently reversed on appeal, and the rule had been adopted in the State court that actions on similar taxes for different years did not relate to the same subject-matter in the sense that an adjudication of taxes for one year was *res judicata* between the same parties as to similar taxes for another year. In the majority opinion this language is used:

It is urged that the state judgment upon which the federal decree of 1898 is based was afterwards reversed by the highest court of Kentucky, and therefore the foundation of the decree has been removed, and the decree itself must fall. But is this argument sound? When a plea of *res judicata* is interposed, based upon a former judgment between the parties, the question is not what were the reasons upon which the judgment proceeded, but what was the judgment itself? Was it within the jurisdiction of the court, between the same parties, and is it still in force and effect? The doctrine of estoppel by judgment is founded upon the proposition that all controversies and contentions involved are set at rest by a judgment or decree lawfully rendered, which, in its terms, embodied a settlement of the rights of the parties. It would undermine the foundation of the principle upon which it is based if the court might inquire into and reverse the reasons which led the court to

make the judgment. In such case nothing would be set at rest by the decree, but the matter supposed to be finally adjudicated, and concerning which the parties had had their day in court, could be reopened and examined, and if the reasons stated were, in the judgment of the court before which the estoppel is pleaded, insufficient, a new judgment could be rendered because of these divergent views, and the whole matter would be at large. In other words, nothing would be settled, and the judgment, unreversed, instead of having the effect of forever settling the rights of the parties, would be but an idle ceremony. We are unable to find reason or authority supporting the proposition that, because a judgment may have been given for wrong reasons, or has been subsequently reversed, it is any the less effective as an estoppel between the parties while in force.

And the court quotes the following language from *New Orleans v. Citizens' Bank,* 167 U. S. 371 (17 Sup. Ct. 905, 42 L. Ed. 202):

The estoppel resulting from the thing adjudged does not depend upon whether there is the same demand in both cases, but exists, even although there be different demands, when the question upon which the recovery of the second demand depends, has under identical circumstances and conditions, been previously concluded by a judgment between the parties and their privies. This is the elemental rule stated in the text-books, and enforced by many decisions of this court.

The minority in the Deposit Bank Case reaches the conclusion that the effect of the judgment in the federal court was to be determined according to the State law; and that, as the state courts had reached the conclusion, at the time the federal judgment was pleaded, that a judgment with reference to taxes for one year was not conclusive as to the validity of similar taxes for another year, the federal judgment should not be given greater effect than would have been given to the judgment in the state court on which it was based, and which had been reversed. It will be seen, therefore, that the views of the minority do not support the

contention of appellees in the case before us. It is also to be noticed that, if the majority view in that case is sound, the refusal by the courts of this State to give to the judgment in the federal court in the action on the coupons the effect contended for by appellant would give rise to a federal question, for appellant would be in position to contend that the state courts were not giving to the judgment of a federal court the full faith and credit to which it is entitled.

The conclusion we reach that the decision of the federal court as to the validity of the coupons is binding in this action as to the bonds so far as the defenses interposed are the same as those relied on in the federal court, although had the controversy been between different parties, or as to bonds issued at a different time and under different circumstances, our conclusion as to a similar state of facts would have been different from that reached by the federal court, is amply supported by the views which we have recently announced in the case of *Reynolds v. Lyon County,* 121 Iowa 733, but we have not limited the discussion of the questions presented to the applicability of the reasoning in that case, for it has been pending before us on a petition for rehearing while the present case has been under consideration. As we have now, however, denied the application to reconsider the views there expressed, and the opinion in that case now stands as the finally announced conclusion of the court, we deem it proper to cite it as having an important bearing on the question considered.

The trial court found as a fact the amount which plaintiff should recover from defendant if, as a matter of law, he was entitled to judgment in his favor on the bonds sued

2. INTEREST: computation from maturity of contract.

upon, the finding being that no portion of the principal of said bonds or the interest accruing thereon subsequently to the date of maturity had been paid; and that, assuming the bonds to be valid, there was due and payable thereon, including simple accrued interest on said bonds at the rate of 8 per cent. per annum,

the aggregate sum of $19,866.67 as of March 1, 1903. It is contended for appellant that if we find judgment should have been rendered in his favor, we should direct the lower court to compute interest after the maturity of the bonds at the rate specified in said bonds with semiannual rests. The language of the bonds relied on is, " with interest at the rate of 8 per cent. per annum payable semiannually on the first day of May and November of each year on presentation and surrender of interest coupons hereto attached." It is to be noticed that the lower court allowed interest after the maturity of the bonds at the rate named therein, which is greater than the legal rate fixed where there is no contract, but did not apply the provisions of the bonds as to interest being payable semiannually. It is settled in this State by statute (Code, section 3039) that the rate of interest fixed in the contract applies after maturity as well as before, although there is no express stipulation to that effect. It has been held that this statutory provision does not apply to installments of interest coming due before or at the maturity of the contract, unless the rate of interest on delinquent installments of interest is specified by the contract, but that on such delinquent installments of interest the legal rate fixed by the statute should be allowed. *Preston v. Walker*, 26 Iowa, 205 ; *White v. Savery*, 50 Iowa, 515. We are now asked to hold that the stipulation in the contract for semiannual rests is to be recognized by implication as applicable to the interest allowed by law after the maturity of the contract. But a contrary conclusion is announced in *Aspinwall v. Blake*, 25 Iowa, 319, in which case the following language is used by the court:

The time when interest upon a contract is due and recoverable may be fixed by the parties thereto, and is under their control; but, if no time be fixed for its payment, it can be recovered only with the debt, and not separately. Yet it is not in fact part of the debt in the sense in which that word is here used. While the debtor's obligation to pay the inter-

est at the maturity of the principal debt may be as great as to pay the principal itself, yet he has contracted to pay interest upon the principal only, and the law will not raise an implied contract binding him to pay interest upon interest after the principal becomes due.

We think that while, under the statute, the rate of interest fixed in the contract continues after maturity by reason of the special provision to that effect, yet the stipulation as to semiannual rests has no application after maturity, in the absence of express agreement to that effect. See, in further support of this conclusion, *Hovey v. Edmison* (N. D.), 22 N. W. Rep. 594. The language of the bonds with reference to semiannual rests plainly relates only to the interest payments covered by the coupons. The conclusion of the trial court as to the amount of the recovery is correct.

As the facts are sufficiently found by the trial court, and the conclusion reached was the result of an erroneous application of the rules of law to the findings of fact, we

3. APPEAL: direction for entry of judgment.

may properly direct the lower court to enter judgment on the facts found without a retrial of the case. *Roberts v. Corbin*, 28 Iowa, 355; *Drefahl v. Tuttle*, 42 Iowa, 177; *Union Mercantile Co. v. Chandler*, 90 Iowa, 650; *Ft. Scott v. Hickman*, 112 U. S. 150 (5 Sup. Ct. Rep. 56, 28 L. Ed. 636). Therefore the case is remanded to the lower court, with direction that judgment be rendered in favor of the plaintiff on the findings of fact in accordance with the conclusions of law expressed in this opinion.— *Reversed.*