H. F. ROQUETTE, Appellant, v. MABEL MARR, Appellee.

**JUDGMENT:** Conclusiveness—Title to Nonlitigated Lands.., An adjudication in partition that a wife did not take under her husband's will, and a due accounting in that action by the widow of all sums received by her, may constitute a full adjudication of the title to property purchased with said proceeds, even though such property was not specifically involved in said partition proceedings. (See Book of Anno., Vol. 1, Sec. 11567, Anno. 76 *et seq.*)

Headnote 1:  34 C. J. p. 923.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

OCTOBER 20, 1925.

ACTION in partition. To the answer filed by the defendant, plaintiff demurred, which demurrer was overruled. Plaintiff stood on his demurrer, his petition was dismissed, and he appeals.—*Affirmed.*

*David S. David* and *McCoy & McCoy,* for appellant.

*Livingston & Eicher,* for appellee.

ALBERT, J.—To a fair understanding of this ruling some facts must be stated. Henry Cummings owned a 40-acre tract of land in his own name, and another 50-acre tract jointly with his wife, Nancy Jane Cummings, in unequal shares. Henry Cummings died testate in 1909. His will was probated, and, after providing for the payment of his just debts, it provided as follows:

"I give, devise and bequeath to my wife Nancy Jane Cummings, in lieu of her dower if she so elect, all of the residue of my estate to have and to hold, both personal and real both present and prospective as hers during the time she shall remain my widow; and in the event of her death, or in case she should remarry, then and in such case all the rest, residue and remainder of my estate I give to my daughter Mary Cummings

and her two children, viz: Flem Roquette and Mabel Smith as follows: To the said Mabel Smith $200. To the said Flem Roquette $200, and to the said Mary Cummings my daughter all the remainder of my estate.''

Flem Roquette named in said will is the same person as the plaintiff herein, and Mabel Smith named therein is the same person as Mabel Marr, the defendant herein.

Henry Cummings' estate was administered upon, and in the settlement thereof the executor turned over to Nancy Jane Cummings, the relict, personal property appraised at the value of $325.25, and money in the sum of $2,370.77. No notice was ever served on the widow to elect whether she would take under the will or not.

Mary Cummings, the daughter named in said will, was married to R. J. Boatman. She died in 1918. In 1923, a partition action was commenced, in which plaintiff and defendant herein joined as plaintiffs therein against Nancy Jane James, widow of Henry Cummings, who was subsequently married to Luke James, asking for a partition of the two tracts of land hereinbefore referred to. Mabel Marr, the defendant herein, in that action withdrew as plaintiff, and filed a petition of intervention, denying that Nancy Jane James had elected to take under the terms of the will. This was one of the principal issues in that case.

The case was tried to the court, and decree was entered ordering a sale of the land, and by supplemental decree, the rights of the parties were fixed as follows: After the expenses of the proceedings and the sale were provided for, the proceeds of the southeast quarter of the northeast quarter of Section 3 were ordered divided thus: To Nancy Jane James an undivided one-fourth interest; to Mabel Marr an undivided one-fourth interest; to H. F. Roquette an undivided one-fourth interest; and to R. J. Boatman an undivided one-fourth interest, subject to the provisions regarding the shares of R. J. Boatman, Mabel Marr, and H. F. Roquette as hereinafter provided.

After payment of the costs and necessary expenses was provided for, the proceeds of the northeast quarter of the northeast quarter of Section 2 were ordered divided as follows: To Nancy Jane James an undivided five-eighths interest; to Mabel

Marr an undivided one-eighth interest; to H. F. Roquette an undivided one-eighth interest; and to R. J. Boatman an undivided one-eighth interest, subject to the provisions regarding the shares of Mabel Marr, H. F. Roquette, and R. J. Boatman as hereinafter contained.

It was further ordered that out of the share of H. F. Roquette the referees were to pay Nancy Jane James $300 which Roquette had borrowed from her; also said referees were ordered to pay a certain note of Roquette's on which Nancy James was surety. The remainder of Roquette's share was to be paid to him. The money on deposit in the State Bank of Fremont as rent was decreed to Nancy Jane James. The referees were ordered to pay Mabel Marr's share to Nancy Jane James, to be invested by her, and she, Nancy Jane James, was to receive the net income therefrom during her life; and at her death the principal sum was to go to Mabel Marr.

The amount bequeathed to Boatman was to be deposited with the trustee for investment, to be held during the life of Nancy Jane James. At her death the trustee was to pay the net amount to H. F. Roquette, and Boatman was to have no further interest therein.

This decree in partition was entered in March, 1923. In May, 1923, Nancy Jane James died, leaving a will in which she willed the town property now in controversy in this action to the defendant, Mabel Marr. On the 11th of August, 1924, the plaintiff filed this action, and after reciting a number of the above facts, alleged that the town property, being Lot 5 in Block 2 of the north addition to the town of Fremont, Mahaska County, Iowa, was purchased by Nancy Jane James in September, 1912, and that Nancy James paid for said property out of the money that was turned over to her by the executors of Henry Cummings' estate; but it is alleged that she took the title to said real estate in trust for this plaintiff and defendant, and plaintiff asks partition thereof.

It is to be noted that the property now in controversy was not involved in the partition action hereinbefore referred to, entitled H. F. Roquette v. Nancy Jane James et al. The defendant answers the petition of the plaintiff in three counts. In the second count, defendant pleads the former partition case

as an adjudication and estoppel. She sets out the pleadings in said case and the decree entered by the court therein, and says that, by reason of these matters, the plaintiff herein is now estopped from maintaining this action. To the second count, the plaintiff filed a demurrer, containing four grounds, the first of which states that the pleading shows on its face that the action now pending has never been adjudicated between plaintiff and defendant; secondly, that this action involves different real estate, that has not been the subject-matter of any former action, and is not included in the former cause of action; third, that the former cause of action was between different parties, and that three of the parties to the former action are not parties to this action; fourth, that there is no identity of subject-matter, identity of cause, or identity of person or quality of person in the present cause of action.

This demurrer was overruled by the court, and plaintiff elected to stand thereon. This gives rise to the question we have before us.

One of the issues in the first partition case was whether Nancy James took under the will or under the law. If she took under the will, it was conceded that, at the time that action was brought, she had married Luke James, which, of course, would end her rights under the will. All she would have been entitled to would have been her individual interest in one fractional forty involved in that case. The decree, however, in that case shows that the court not only gave an undivided interest in the fractional forty, but gave her an additional share in that fractional forty, and also gave her a share of the forty which stood in her deceased husband's name. It would seem undisputable, therefore, that in that case the court settled the proposition in issue, and held that Nancy James did not accept the terms of the will.

It is admitted in this case that she did receive from the executors of Henry Cummings' estate something like $2,800 in money and personal property. It is also alleged that the town property in controversy herein was bought with the money thus coming into her hands.

Because of these matters plaintiff insists that the property thus bought with that fund became a trust property in the hands of Nancy Jane James, the two parties to this lawsuit being the

beneficiaries thereof; but defendant insists that the money and personal property turned over to Nancy Jane James by the executor of her husband's estate were all accounted for in the former litigation, and are, therefore, adjudicated as between the parties to this litigation. We find, on a careful investigation of the pleadings in that case, that an issue was made as to this particular fund, and an accounting tendered; and after a careful consideration of the pleadings and the decree entered in that case, it is quite evident that an accounting was had between the parties in that litigation. The real estate was sold and the proceeds distributed as hereinbefore explained. The money thus received by Nancy Jane James from the executor of her husband's estate was put in issue in the pleadings, and an accounting tendered thereon; and the distribution made in the decree fixing the rights of the various parties could not have been as it is, unless such accounting was had between the parties. It therefore follows that the basis on which plaintiff seeks to claim an interest in the property in controversy was fully settled and adjudicated in the former litigation. This being so, while the particular piece of property involved herein was not included in the former litigation, yet the very rights of the respective parties as against each other were determined in that case, and having thus been determined, they are not the subject of relitigation in this case. We have so pronounced in *Betz -v. Moore-Shenkberg Groc. Co.*, 197 Iowa 1348; *Merrifield v. Clark*, 199 Iowa 171; *Faber v. Van Zyl*, 198 Iowa 1028; *Cooper v. Brown*, 143 Iowa 482; *Rew v. Independent Sch. Dist.*, 125 Iowa 28.

The ruling of the district court in this matter has our approval.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.