L. A. ANDREW, State Superintendent of Banking, Appellee, v. E. O. STEARNS et al., Appellants.

No. 41343.

6

A. P. Olsen, R. B. Hawkins, O. M. Slaymaker, and R. E. Killmar, for appellants.

W. J. Springer, for appellee.

WAGNER, J.—On January 7, 1930, the defendants-appellants executed unto the Van Wert State Bank, of which the appellee is now the receiver, a promissory note in the principal sum of $14,-600.00. In so far as material, said note is in words and figures as follows, to wit:

"$1000 to be paid each six months beginning July 1, 1930, after date, for value received, we, jointly and severally, as principals, promise to pay to Van Wert State Bank, Van Wert, Iowa, or order, the sum of Fourteen Thousand Six Hundred and no/100 Dollars, with interest from date at the rate of four per cent per annum, payable semi-annually at the Van Wert State Bank, Van Wert, Iowa. If interest is not paid semi-annually, to become principal and both principal and interest to draw eight per cent."

The makers failed to make the payment of either the first installment of $1,000.00 or the first payment of semiannual interest, and on November 11, 1930, the plaintiff began his action against the defendants to recover the same. In the petition, the plaintiff alleges:

"That the above note is the property of this plaintiff and is wholly unpaid and that the payment of one thousand dollars falling due on July 1, 1930, is long past due and unpaid and the semi-annual interest payment falling due July 1, 1930, in the sum of five hundred eighty-four dollars is long past due and unpaid."

He therein asked judgment for the sum of $1,584.00, with interest thereon from July 1, 1930, at the rate of 8 per cent, and

for costs. The defendants appeared and filed answer, consisting of a general denial and alleging that the note was without consideration. There was a trial of said cause, resulting in a judgment in favor of the plaintiff. The Judgment Entry provides:

"The court finds that there was due on said note by its express terms on the first day of July, a payment in the sum of $1000.00 and interest on principal from date to July 1, 1930;" and rendered judgment for said sums in the amount of $1,376.09, with interest from date of judgment and costs. This action is known in the record as Cause No. 183.

On the 8th day of April, 1931, the plaintiff began against the defendants the instant suit upon the second installment, alleging in the petition that the $1000.00 payment falling due on January 1, 1931, and the interest falling due on that date, have not been paid, and asks judgment for the same, with interest and costs. The instant suit is known in the record as Cause No. 310. The defendants appeared and filed answer, admitting the execution of the note and averring therein that the note sued on by its terms became due prior to the commencement of Cause No. 183; that plaintiff's cause of action had fully matured on the note sued on therein; that Cause No. 183 has been determined and the judgment hereinbefore referred to rendered; and that said judgment has never been modified, changed or set aside, and is in full force and effect, and grants to the plaintiff the full relief to which he is entitled on account of the note sued on; that said judgment is an adjudication and absolute defense against the claim which the plaintiff makes herein. Upon trial to the court, without a jury, the court found against the defendants and for the plaintiff and rendered judgment for the amount due on the second installment and defaulting interest, which, according to the note, became due on January 1, 1931, with interest and costs. From this judgment the defendants appeal.

The contention of the appellants relative to the claimed former adjudication is that the plaintiff, in Cause No. 183, could have recovered judgment for the face of the note and interest. They say in argument:

"The inquiry is, whether plaintiff could have recovered in Cause No. 183 judgment for $14,600 and interest. If he could, then the judgment rendered in said action, whether he recovered such relief or not, is a bar to action No. 310."

8

This quoted statement tersely states the sole contention of the appellants. We answer the question propounded by the appellants in the negative. At the time when Cause No. 183 was begun there was nothing due on the note, except the first installment of $1,000 and the semiannual interest. The note does not contain an acceleration clause for nonpayment of installments or interest. What was involved in Cause No. 183 was the first installment of $1,000.00 and semiannual interest then due. The petition does not purport to ask more. The court in the judgment entry specifically finds that on July 1, 1930, there was due on said note, by its express terms, a payment in the sum of $1,000.00 and interest on principal from date to July 1, 1930. The rule, as stated by all of the authorities, is that, where a former judgment is relied upon as a bar to an action, it must appear either by the record or by extrinsic evidence that the particular matter in controversy and sought to be concluded was necessarily tried and determined in the former action. See Goodenow v. Litchfield, 59 Iowa 226.

If plaintiff in Cause No. 183 had put in issue more than the first installment of $1,000.00 and semiannual interest, then due, and had asked judgment for more than that, an objection by defendants that the suit other than for the first installment and semiannual interest then due was premature, would have been good.

The authorities cited by the appellants are not applicable to the facts of the instant case. The judgment of the trial court is clearly right and is hereby affirmed.—Affirmed.

STEVENS, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.